## Thompson, Executor *v.* Mylne.

Where a case has been finally decided on its merits by the Supreme Court, and the contest still pending relates merely to the execution of the judgment, it is too late to intervene therein. C. P. 389, 394.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Briggs* and *Grymes*, for the intervenor and appellant, *Dennistoun*. *Seghers*, *Simon* and *Morphy*, for the widow and heirs of *Urquhart*, intervenors and appellees. No counsel appeared for the other parties. The judgment of the court (*Eustis*, C. J. not sitting, having been of counsel for plaintiff,) was pronounced by

ROST, J. In this case, as decided by the late Supreme Court, between the original parties and the heirs of *Urquhart*, intervenors, it was held that the succession of *Milligan* was the owner of the one undivided third part of the Bellechasse plantation and slaves, and the right of the executor to demand a partition of that property and of the crops made upon it, before and since the death of the testator, was fully recognized. 11 Rob. 349. The case was remanded for further proceedings in the partition and in the settlement and liquidation of the partnership's concerns, and of the crops which the defendant was bound to account for, as *negotiorum gestor*; and also for the purpose of liquidating the balance, if any, that may be due to the defendant, according to the legal principles recognized in the opinion of the court.

After the property had been sold, under a decree of court rendered in execution of the judgment, and after the parties had made some progress in the settlement of the accounts, *Alexander Dennistoun* intervened, alleging that he was the real purchaser of the plantation and slaves, when it was acquired from *Millaudon* and others, on the 11th January, 1822; that he had continued to be the sole owner, up to the present time; and that his exclusive right of ownership has been judicially recognized by the courts of this State; that on the 16th March, 1828, the firm of *Dennistoun & Co.*, of New Orleans, who managed the plantation for him, entered into a partnership with the late *George B. Milligan*, for the purpose of securing his attention to the place, and that a provision was made therein for his future acquisition of one-third interest in the property; that this agreement was not signed by the intervenor, nor did he ever give to the firm of *Dennistoun & Co.*, or to any of its members, any power to convey the land or any

interest therein; that the intervenor, residing abroad, and being incapable of exercising any direct control over the plantation, made a nominal transfer thereof to *Wm. C. Mylne*, on the 30th day of August, 1836; but that the said sale passed no real interest to the purchaser, who was a mere trustee for the purposes of administration, or for the sale and disposal of the property as the case may be.

<div style="text-align: right;">THOMPSON<br><i>v.</i><br>MYLNE.</div>

The intervenor further alleging the death of *Milligan*, his indebtedness to him and to the firm of *Dennistoun & Co.*, and also the decree of the Supreme Court already referred to, prayed that all the parties to the original suit might be cited, and that he might be decreed to be the owner of the plantation in its entirety, and of the price which represents the third of it, until payment by the heirs of *Milligan* of the balance due him.

To this petition the heirs of *Urquhart*, intervenors in the original suit, excepted, on the ground that *Alexander Dennistoun* has no right to intervene in this suit, at its present stage, it having been finally decided on its merits by the Supreme Court, and the contest still pending merely turning on the execution of the judgment. The court below sustained the exceptions, and the intervenor has appealed from the judgment dismissing his petition. We cannot interfere with this judgment. The object of the intervention is to contest the title of *Milligan's* succession: the question of title has been finally determined, and we concur in the view taken by the District Court that, after a final judgment, it is too late to intervene. C. P. 389, 394.

The counsel for the intervenor contend that the judgment heretofore rendered has not the authority of the thing adjudged against him, and that so far as he is concerned, the matter is still open to investigation. If this were so, his remedy would be by a separate action. But it appears to us that, admitting that the sale made to the defendant passed no real interest to him, and that he was a mere trustee for the purposes of administering, preserving, and selling the property, he was also a trustee to stand in judgment, and the final decrees rendered against him are binding upon the intervenor.                    *Judgment affirmed.*