HIGGINS, Justice.
 

 The defendant was indicted for violatr ing Police Jury Ordinance No. 48, the charge being that he, on August 16, 1943, “within the jurisdiction of the Eighth Judicial District Court, then and there did unlawfully have, possess, handle and use, for intoxicating beverage purposes, certain intoxicating liquor, containing more than six per centum (6%) of alcohol by volume, in local option territory, to-wit, Grant Parish, Louisiana, contrary to and in violation of the Ordinance of the Grant Parish Police Jury adopted June 19, 1941, in keeping with) the result of a parish-wide local option election held in said parish on June 17, 1941, which said Police Jury Ordinance, as re
 
 *413
 
 corded and promulgated, is here specially referred to and pleaded; * *
 

 The accused filed a motion to quash the indictment on the ground that it failed to allege any offense under the ordinance or any law of this State, but, if the provisions of the ordinance were construed by the Court to cover a case where a person possessed, handled, and used intoxicating liquors having more than 6% of alcohol by volume, merely for his own consumption or beverage purposes, the ordinance in that respect would be illegal because the Police Jury exceeded the authority conferred upon it by Act No. 17 of the First Extra Session of the Legislature of Louisiana of 1935, the objects and purposes of which are to regulate the business of the selling, handling, etc., of liquors having an alcoholic content exceeding
 
 6%
 
 by volume.
 

 The district court overruled the motion and the defendant reserved a bill of exception.
 

 On the trial of the case before the judge on the merits, he found the defendant guilty and sentenced him to pay a fine of $125 and costs, and, in default of the payment of the fine and costs, to serve a period of ninety days in the Parish Jail. The defendant filed a motion for a new trial, reiterating the points made in the motion to quash the indictment. When the trial judge denied this motion, the defendant reserved a bill of exception and brought the case here on writs granted under our supervisory jurisdiction.
 

 In the case of State v. Bernard, 204 La. 844, 16 So.2d 454, 455, the defendant was prosecuted and convicted of violating Prohibition Ordinance No. 118 of Lincoln Parish, adopted by the Police Jury under the authority of Act No. 17 of the First Extra Session of the Louisiana Legislature of 1935. It was charged that he “did unlawfully engage in the business of handling intoxicating liquor, to wit: twelve (12) pints of whiskey and twelve (12) pints of wine.” From the conviction and sentence he appealed and presented to this Court the legal question of whether or not a person who lawfully purchased intoxicating liquors for himself and his friends at their request to be used by them, respectively, for their own consumption as beverages, was engaged in the business of handling intoxicating liquor within the meaning and contemplation of the ordinance and the statute under which it was adopted. After analyzing the respective provisions of the Act, this Court pointed out that the Legislature granted to parishes and municipalities the right to prohibit the traffic in and business of handling intoxicating liquors through ordinance after being attthorized to do so by the voters in the local option election. We said: “Every pertinent provision or expression in Act No. 17 of the First Extra Session of 1935 indicates that the purpose of the act was and is, not to authorize a parish or municipality to prohibit the possession of intoxicating liquor if it is not possessed for sale for beverage purposes, but to prohibit the sale of or traffic in such liquors.” The judgment of conviction and the sentence were annulled and the case was dismissed.
 

 Ordinance No. 48, adopted by the Police Jury of Grant Parish, following very closely the wording of the above Act of the
 
 *415
 
 Legislature, also contains such language as “An Ordinance Prohibiting the business of * * * handling, selling, using, etc., * * alcoholic or intoxicating liquors * * Again, it is stated therein: “Whereas, under an election duly held throughout Grant Parish, Louisiana, on the 17th day of June 1941, and regularly promulgated, the qualified electors of the Parish of Grant, Louisiana, have, by a majority vote, determined that permits and licenses for the traffic in the business of * * * handling, selling, using, * * * alcoholic or intoxicating liquors * * * containing more than
 
 *
 
 * * per centum of alcohol by volume * * * should be prohibited and withheld ; * * The resolution calling the local option election and the proposition submitted to the people show that it was the traffic in the business of producing, using, selling, etc., of liquor containing alcohol in excess of a certain per centum that was proposed to be prohibited.
 

 The indictment in no way expressly or impliedly indicates that the accused was engaged in the traffic or the business of producing, handling, or using intoxicating liquor containing more than
 
 6%
 
 of alcohol by volume. It, therefore, fails to set forth any offense under the provisions of Ordinance No. 48 of the Police Jury of Grant Parish as authorized by Act 17 of the First Extra Session of 1935.
 

 We may further say that the State’s own evidence and the undisputed facts recited by the' judge in his per curiam show that the defendant lawfully purchased three quart bottles of wine at Boyce, Rapides Parish, Louisiana, and was bringing them to his home in Grant Parish for his own use and consumption and had taken two drinks from one of the bottles at the time that he was apprehended, in his automobile, with the wine. It also appears that the defendant was an automobile mechanic and was in no way engaged in the traffic or the business of handling, using, or selling any intoxicating liquors whatsoever.
 

 The district attorney makes the contention that the word “business” as used in the ordinance and in the statute should be given a broad and comprehensive meaning and that by doing so, a person who lawfully purchased intoxicating liquor for his own consumption would be brought within the scope of the law. He states that the evil sought to be suppressed is the drinking of alcoholic liquor. We could not reach this conclusion without disregarding the clear meaning of the words used in the statute and the ordinance. Furthermore, it is difficult for us to understand how corporations, which are covered by the ordinance, could consume alcoholic liquor other than by being in the business of using it.
 

 For the reasons assigned, the conviction and the sentence of the lower court are annulled and set aside, and the motion to quash the indictment is sustained and the charges dismissed.