ODOM, Justice.
 

 The defendant was prosecuted under a bill of information filed by the district attorney, which bill charged that the defendant "* * * did then and there wilfully and unlawfully manufacture intoxicating liquor, commonly called Beer, to-wit: Four (4) bottles of said beer which was prohibited by Ordinance No. 11 of 1943 of the Police Jury of Jackson Parish, Louisiana * * * ”
 

 The defendant filed a motion to quash the charge made in the bill on the ground:
 

 “That the said Bill of Information charges no crime for the reason that the Legislature of the State of Louisiana has not authorized the Police Juries in the State of Louisiana to prohibit the manufacture of either whiskey or beer; for the further reason that there is no allegation that said beer contains more than one-half of one per cent (% of 1%) of alcohol by volume.” (The latter attack on the ordinance has now been abandoned.)
 

 The motion to quash was overruled by the trial judge, and counsel for the defendant excepted to the ruling and reserved a bill. The defendant was tried, convicted, and sentenced to serve 60 days in the parish jail subject to road duty and to pay a fine of $350 and all costs, and, in default of the payment of the fine and costs, to serve an additional three months in the parish jail.
 

 Before sentence, defendant through counsel filed a motion in arrest of judgment and a motion for a new trial. The motion in arrest of judgment was based on the ground that the bill of information filed against defendant fails to charge a crime under the laws of the State of Louisiana or under the laws of the Police Jury of Jackson Parish. The motion for a new trial was grounded upon the allegation that the evidence adduced at the trial does not show that any law has been violated. These motions were overruled, and defendant appealed to this court.
 

 After the motion to quash was overruled by the court, and when defendant was called for trial, he admitted through counsel “each and every allegation of the bill of information except the word 'unlawful.’ ” In other words, defendant admitted that he did manufacture intoxicating liquor commonly called beer, to-wit, four bottles, which manufacture was prohibited by Section 1 of Ordinance No. 11 of 1943 adopted by the Police Jury of the Parish of Jackson. The record discloses that the officers found the four bottles of beer in defendant’s icebox at his home. The State offered no evidence to show or even to indicate that the
 
 *81
 
 defendant had ever at any time been engaged in the manufacture of liquor for sale, or to show that he had ever been suspected of being engaged in the liquor traffic. In fact, as we recall the district attorney’s argument before this court, he stated that the defendant, a resident of Jackson Parish, bore a good reputation. Thus the only question we are called upon to decide is whether the ordinance of the Police Jury of Jackson Parish which prohibits the manufacture or production of all alcoholic liquors, such as beer, is valid, the Parish of Jackson being dry territory.
 

 Section 1 of Ordinance No. 11, adopted by the police jury on April 12, 1943, provides that:
 

 “* * * it shall be unlawful for any person, firm, association of persons, corporations, or anyone else to produce, manufacture, rectify, blend, or handle, sell, use, distribute, store or consume beer, porter, ale, fruit juices, wine, malt, vinous, spirituous, alcoholic or intoxicating liquors containing more than one-half of one per centum of alcohol by volume, otherwise than when prescribed by a licensed physician as a medicine, within the Parish of Jackson, State of Louisiana.”
 

 Section 2 of the ordinance provides that:
 

 “ * * * it shall be unlawful for any person, firm, association of persons, corporation, or anyone else
 
 to engage in the business of producing, manufacturing,
 
 rectifying, blending'or handling, selling, using, distributing, storing or consuming of beer, ale, porter, fruit juices, wine, malt, vinous, spirituous, alcoholic or intoxicating liquors containing more than one-half of one per centum of alcohol by volume, otherwise than when prescribed by a licensed physician as a medicine, within the Parish of Jackson, State of Louisiana.” (Italics here and elsewhere in this opinion are the writer’s.)
 

 The only difference between Section 1 and Section 2 of the ordinance is that Section 1 prohibits the production or manufacture of intoxicating liquors, and Section 2 makes it unlawful for any person, firm, or corporation “to engage in the business of producing, manufacturing, rectifying, blending or handling,” etc., intoxicating liquors.
 

 The defendant was prosecuted under Section 1 of the ordinance. The contention of counsel for the defendant is that the ordinance of the police jury, in so far as Section 1 is concerned, is ultra vires and void. Specifically, it is argued that the Legislature has not delegated to the police juries of so-called dry parishes the power and authority to prohibit the manufacture of intoxicating liquors, such as beer. In support of his argument he cites Act 17 of the First Extra Session of 1935, which is an act providing for the “exercise of local option in the parishes, wards, and municipalities of the state to determine whether or not alcoholic or intoxicating liquors * * * shall be produced, manufactured, * * * sold, used, distributed, stored or consumed, otherwise than when prescribed by a licensed physician as a medicine.”
 

 Section 1 of that act provides that, if any parish, ward, or municipality, at an election held for that purpose, shall by a majority vote of the electors “ * * *
 
 *83
 
 determine that
 
 the business of producing,
 
 manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquors as defined in Section 2 of this Act, otherwise than when prescribed by a licensed physician as a medicine, in such parish, ward or municipality shall not be licensed or permitted therein, such business shall not be therein licensed or permitted.”
 

 Section 2 of the act declares that the words “alcoholic or intoxicating liquors,” as used in the act, shall be deemed and held to include such liquors as beer, porter, ale, fruit juices, wine, or alcoholic liquors of an alcoholic content greater than one-half of one per cent of alcohol by volume but not exceeding 6 per cent of alcohol by volume, and malt, vinous, spirituous, alcoholic or intoxicating liquors containing more than 6 per cent of alcohol by volume. That section of the act further provides that, at any election held under the authority of this act, “ * * * propositions in respect
 
 to the traffic in all such liquors
 
 defined in the above paragraphs (a) and (b) of this section, or in respect to either those defined in paragraph (a) or those defined in paragraph (b),
 
 may be submitted to the electors
 

 Section 4 of the act provides that an election to determine
 
 “whether or not the aforesaid business shall be licensed or permitted in any parish,
 
 ward or municipality in the State shall be ordered by the governing authority of such parish or municipality * * *.”
 

 Section 6 of the act reads as follows:
 

 “In order to make the local option herein provided for effective in those parishes, wards and municipalities where any of the
 
 aforesaid business
 
 is prohibited by the vote of the electors, the governing authorities of any parish or municipality may provide for such prohibition by ordinance, and may provide penalties for the violation of such ordinances, not, however, to exceed a fine of $500.00, or imprisonment for six months, or both at the discretion of the court, and such governing authorities may provide additional imprisonment not to exceed six months for failure to pay any fine.”
 

 This is the section under which the Police Jury of Jackson Parish adopted Ordinance No. 11 of 1943.
 

 Parishes and municipal corporations of this state are vested with no powers, and possess no authority, except such as are conferred upon, or delegated to, them by the Constitution and statutes. By Section 1 of Ordinance No. 11 of 1943, the Police Jury of Jackson Parish attempted to prohibit the production or manufacture of intoxicating liquors, such as beer, in that parish. In the absence of a specific delegation to the police jury of authority to adopt such an ordinance, the ordinance is invalid, null, and void in so far as Section 1 is concerned. It is conceded that, if the parishes and municipalities of this state have such delegated authority, it must be found in Act 17 of the First Extra Session of 1935, which act is commonly referred to as the “Local Option Law” of this state.
 

 
 *85
 
 A reading of that statute shows beyond question that they have no such authority. That act does specifically prescribe the method by which the liquor traffic may be suppressed, controlled, or regulated within the various parishes and municipalities of the state. Section 1 of that act provides that, if any parish or municipality, at an election held for that purpose, shall determine by a majority vote of the electors “that the
 
 business
 
 of producing, manufacturing, rectifying, blending or handling, selling,” etc., intoxicating liquors shall not be licensed or permitted in such parish or municipality, then “such business shall not be therein licensed or permitted.”
 

 Section 4 of the act provides “That an election to determine whether or not the aforesaid
 
 business
 
 shall be licensed or permitted in any parish, ward or municipality in this State shall be ordered by the governing authority of such parish or municipality.” The statute sets up the machinery for determining whether the business of manufacturing or producing intoxicating liquors and the traffic therein shall be permitted or prohibited. If a majority of the electors vote to prohibit such business or traffic, such business or traffic, according to the language of the statute, shall not be permitted. In case a majority of the electors vote to prohibit such business, then the police jury or municipal council, as the case may be, is authorized under the statute to adopt ordinances to carry into effect the expressed wish or will of the electors.
 

 Act 17 of the First Extra Session of 1935 does not confer upon parochial or municipal corporations or the electors therein the power or authority to prohibit the manufacture of intoxicating liquors, such as beer. According to Section 2 of that act, the only propositions which may be submitted to the electors at a prohibition election are propositions “in respect to the traffic” in intoxicating liquors, as defined in that section of the statute.
 

 In State v. Emerson, 197 La. 783, 2 So.2d 212, 213, we had before us the question whether an ordinance of the Police Jury of Jackson Parish, making it unlawful to sell or keep for sale intoxicating liquors, was valid. We held that it was valid, and in the course of our opinion we said that, pursuant to the authority conferred upon it by the Local Option Act, which is Act 17 of the First Extra Session of 1935, “ * * * the police jury called an election to be held throughout the parish for the purpose of determining the question whether 'the business of producing, manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquors as defined in Section 2 of this Act, otherwise than when prescribed by a licensed physician as a medicine’, should be licensed or permitted in said parish.”
 

 On looking up the record in the Emerson case, we find that the above quotation was copied literally from the brief filed by the district attorney. In the case at bar, the preamble to Ordinance No. 11 of 1943, Section 1 of which is attacked in this proceeding, sets out that, whereas, under elections duly held throughout Jackson Parish and
 
 *87
 
 regularly promulgated, the qualified electors of the Parish of Jackson by a majority-vote have “ * * * determined that permits and licenses for the
 
 traffic in the business of producing, nuanufactuning,
 
 rectifying, blending or handling, selling, using, distributing, storing or consuming of beer, porter, ale, fruit juices, wine, malt, vinous, spirituous, alcoholic or intoxicating liquors * * * should be prohibited and withheld.”
 

 It thus clearly appears that the only proposition ever submitted to the electors of Jackson Parish relating to the subject of intoxicating liquors was the proposition as to whether or not the traffic “in the business of producing, manufacturing,” etc., intoxicating liquors should be prohibited, and therefore that the only authority attempted to be exercised by the Parish of Jackson in order to bring about prohibition in that parish was that specifically conferred by the Local Option Statute. Section 2 of Ordinance No. 11 of 1943 is written in exact accord with the provisions of the Local Option Law, in accord with the proposition which was submitted to the electors, and in accord with 'the preamble to the ordinance. But Section 1 of the ordinance goes further and far beyond the powers delegated to police juries. For that reason Section 1 of the ordinance is invalid.
 

 Counsel for defendant cites the case of State v. Bernard, 204 La. 844, 16 So.2d 454. Neither the trial judge nor the district attorney was of the opinion that the Bernard case has any application to the issues involved in the case at bar. We think they were mistaken. In that case we discussed at great length the powers delegated to the various parishes of the state by the Local Option Statute, and what we said with reference to those powers is highly pertinent to the issues involved in the present case.
 

 In State v. Richards, 205 La. 410, 17 So. 2d 567, not cited by either side, we again discussed at length the powers delegated to police juries by Act 17, First Extra Session of 1935, with reference to the liquor traffic. What we said in that case is pertinent to the issues involved in this case.
 

 The trial judge in one of his per curiams said:
 

 “A very similar section of an ordinance was declared valid in the case of State v. Bonner, 193 La. 387, 394, 395, 190 So. 621, 623. The act of doing a thing was held to be equivalent to engaging in the business of doing such thing.”
 

 We think the judge misconstrued the ruling in the Bonner case. In that case the defendant was charged, tried, and convicted of selling intoxicating liquors in the Parish of Lincoln. His defense was that the affidavit did not charge that he was “engaged in the business” of selling intoxicating liquors. What we held was that selling intoxicating liquors is, of itself, engaging in the business of selling intoxicating liquors. But it cannot be said that the manufacture of four bottles of beer is “engaging in the business” of manufacturing or producing beer.
 

 For the reasons assigned, Section 1 of Ordinance No. 11 of 1943, adopted by the Police Jury of the Parish of Jackson, is adjudged to be ultra vires, null, and void:
 
 *89
 
 the conviction and sentence are set aside, and it is ordered that the defendant be discharged.