39 So.2d 163

**STATE v. FARLEY.**

No. 39252.

Feb. 14, 1949.

Barham & Elder, of Ruston, for appellant

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Truett L. Scarborough, Dist. Atty., of Ruston, for appellee.

PONDER, Justice.

The defendant was convicted of the offense of engaging in the business of storing and handling intoxicating liquors for the purpose of sale in violation of Ordinance 188 of the Police Jury of Lincoln Parish. He was sentenced to serve thirty days in jail, to pay a fine of $500 and costs and, in default of the payment of the fine and costs, to serve four additional months in jail. He has appealed from the conviction and sentence.

One bill of exception is presented on this appeal. It was taken to the overruling of a motion for a new trial, with the transcript of the testimony attached.

Counsel for the defendant contended in the lower court, and here contends, that the testimony and the entire record fail to show any evidence to support the conviction.

The evidence shows that the defendant purchased a case of whiskey, containing forty-eight one-half pint bottles, at Monroe where the sale of liquor is not prohibited and, on his return from Monroe, he parked his car at his home in the town of Dubach. The town marshal, upon finding the case of whiskey in the defendant's car, arrested him and the defendant was charged with violating the police jury ordinance.

In this case the State relied solely on the possession of the whiskey as constituting the offense. The defendant testified that he was engaged in the insurance business

in the vicinity of Tallulah and returned home every week-end. He testified that he was accustomed to drinking and bought the whiskey in small containers because it was more convenient for his use. He testified that he had never been arrested in his life. His testimony was not contradicted in this respect.

In the absence of any testimony tending to show that the defendant was engaged in the business of handling and storing intoxicating liquors for sale, the mere possession of a case of whiskey cannot support a conviction of the offense charged. State v. Bernard, 204 La. 844, 16 So.2d 454 and State v. Jordan, 207 La. 78, 20 So.2d 543.

For the reasons assigned, the conviction and sentence are set aside.

O'NIELL, C. J., does not take part.