FOURNET, Chief Justice.
The defendant, S. W. Tarver, having been charged, tried and convicted on the 2nd day of April, 1956, in the City Court of Pineville, on an affidavit charging him with (1) being drunk, and (2) “also in possession of intoxicants, using and storing alcoholic liquors containing more than 6 per cent, alcohol” in violation of Ordinance 365 of the City of Pineville, on the 4th of April was granted a new trial on motion of counsel he had employed in the meantime; and following the overruling of defendant’s motion to quash the affidavit, a new trial was had on the charges set out in the affidavit,[1] resulting in defendant’s conviction on both counts with the same sentence previously imposed. He paid the fine of $10 on the first count, but appealed from his conviction and sentence on the second count to pay $100 fine or serve 30 days in jail.
It is the contention of defendant here (which contention also formed the basis of the motion to quash) that the City, in adopting Ordinance 365, [2] exceeded the authority and power vested in it by the Legislature, in that the ordinance makes it unlawful to *449 possess or use alcoholic liquors for personal use or consumption.
Counsel for the City, apparently recognizing that a municipality is without áuthority or power to enact an ordinance that is inconsistent with or in conflict with the Constitution or with legislative acts on the same subject matter,[3] and possesses only such power and authority as are conferred upon, or delegated to, it by the Constitution and statutes,[4] and realizing that the subject ordinance, in that it makes it “unlawful for any person * * * to * * * use * * * or consume malt, vinous, spiritous alcoholic or intoxicating liquors containing more than six per centum of alcohol by volume * * * within said town,” goes beyond the authority granted to the municipality in the premises,[5] urges the point “that defendant cannot legally appeal from a conviction and file a motion to quash after he has been arraigned, tried and convicted, according to the Louisiana Code of Criminal Law and Procedure,” in view of the provisions of Articles 284 and 288 of that Code.[6] It is his contention that a motion for a new trial must, according to the provisions of Article 505 of the Code, LSA-R.S. 15:505, “be filed and disposed of before sentence.”
We have no way of knowing the grounds upon which the new trial was granted as the trial judge in his Per Curiam did not inform us of his reasons for doing so; on the face of the record, however, it does appear that the defendant was tried, convicted and sentenced on the same day, contrary to the provisions of Article 521 of the Code of Criminal Procedure, declaring in effect that trial judges are powerless to sentence an accused until' “at least twenty-four hours” shall have elapsed between the conviction and sentence “unless the accused waive the delay and ask for the imposition of sentence at once; * * *.” LSA-R.S. 15:521. And coun *451 sel, in relying on the Code of Criminal Procedure for his position, apparently overlooked other provisions, for that Code declares that a new trial ought to be granted “Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial”, Art. 5Ó9-5, LSÁ-R.S. 15 :509(5) ; besides, a new trial may always be granted, with the consent of the District Attorney, whether the motion of the defendant set out valid reasons for a new trial or not. Art. 506, LSA-R.S. 15:506.
As for the ordinance under attack, it is clearly ultra vires; under the plain wording of the .statute, Act 17 .of the First Extra Session of 1935, the election to be held by municipalities or other political subdivisions, upon petition of a percentage-of the resident qualified electors, was for the purpose of determining whether or not the business of dealing in alcoholic beverages shall be conducted and licensed in the locality; and the statute ■ further provided that “In order to make the local option herein provided for effective in those * * * municipalities where any of the aforesaid business is prohibited by the vote of the electors, the -governing authorities of 'any * * * municipality may provide for such prohibition -by ordinance, and may provide penalties for the violation of such' ordinances' * ' * *.” Section 6 of Act 17, First Extra Session of 1935; emphasis supplied. See State v. Bernard, 204 La. 844, 16 So.2d 454; State v. Jordan, 207 La. 78, 20 So.2d 543.
For the reasons assigned, Ordinance No. 365 adopted in October, 1940, by the Mayor and Board of Aldermen of the Town of Pineville, is adjudged to be ultra vires, null, and void; and it is now ordered and decreed that the conviction and sentence appealed from be set aside, and that the defendant be discharged.

. According to the Per Curiam of the City Judge, the accused was found in an automobile on a parking lot, his head slumped over the wheel in such a way that the horn was sounding continuously, with a half pint whiskey bottle, almost empty, on the seat beside him; and upon being aroused by the police he gave every indication of being intoxicated.

. This ordinance was adopted pursuant to Act 17 of the First Extra Session of 1935, the local option law then in effect. That Act has been superseded by Act 372 ‘ of 1948, now incorporated in the Revised Statutes of 1950 as LSA-R.S. 26:581 et seq. The pertinent section of the Act, as then written, provided: “ * * That, if any * * * municipality, at an election held for the purpose, * * * shall, by a majority vote of its duly qualified electors voting at any such election, determine that the business of producing, manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquors as defined in Section 2 of this Act, * * * in such * * * municipality shall not be licensed or permitted therein, such business shall not be therein licensed or permitted.” Section 1, Act 17 of First Ex.Sess. of 1935.

. Art. 14, § 40, La. Const. of 1921, as amended, LSA.

. State v. Bernard, 204 La. 844, 16 So.2d 454; State v. Richards, 205 La. 410, 17 So.2d 567; State v. Jordan, 207 La. 78, 20 So.2d 543. The last cited ease is on all fours with the instant case, and the ruling therein is controlling here.

. In the case of State v. Bernard, 204 La. 844, at page 852, 16 So.2d 454, at page 457, we said: “Every pertinent provision or expression in Act 17 of the First Extra Session of 1935 indicates that the purpose of the act was and is, ' not to authorize a parish or municipality to prohibit the possession of intoxicating liquor if it is not possessed for sale for beverage purposes, but to prohibit the sale of or traffic in such liquors. * * * ”

.Article 284 of the Code of Criminal Procedure, now LSA-R.S. 15:284, provides, in part: “Every objection to any indictment shall be taken by demurrer or by motion to quash such indictment, before the arraignment; * * *.” Article 288 of that Code, now LSA-R.S. 15:-288, declares: “Defects in indictments can be urged before verdict only by demurrer or a motion to quash.”