278 So.2d 897 (1973)
Mrs. Inez PRATT and George Jones
v.
LIVINGSTON PARISH POLICE JURY.
No. 9362.
Court of Appeal of Louisiana, First Circuit.
May 29, 1973.
Marshall Brinkley, Baton Rouge, for appellants.
Leonard E. Yokum, Hammond, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
Plaintiffs, Mrs. Inez E. Pratt and George Jones, have appealed from a decision of the trial court upholding the validity of a local option election held in Ward 10, Livingston Parish, on December 6, 1948.
It was stipulated that plaintiffs had applied for local Class A Retail Beer Permits; that the Livingston Parish Police Jury had not issued the permits; that the Police Jury wished a court decision as to the validity of the election; that the election took place for Ward 10 on December 6, 1948; and that the only proposition on the ballot was as follows:
"FOR OR AGAINST: Permitting the business of selling or dealing in or with alcoholic or intoxicating liquors within the Tenth Ward of Livingston Parish."
It was also stipulated that the Police Jury had denied the beer permit applications only because of the election; that the sole question to be resolved was one of law, to wit: was the election of December 6, 1948, a binding election in view of Act 372 of *898 1948, a portion of which now constitutes LSA-R.S. 26:581 et seq., and particularly LSA-R.S. 26:582, 583 and 587; that the Process Verbal (sic) attached to plaintiffs' petition is accurate as to said election; and that all administrative proceedings were substantially complied with by the permit applicants.
The trial court gave two reasons for judgment: first, that the local option election procedures were substantially complied with; and second, that plaintiffs' suit was not brought within thirty days of the promulgation of the results of the election as required by LSA-R.S. 26:590.
After judgment, Virgil D. Joffrion, Commissioner on Alcoholic Beverage Control, filed a petition of intervention, alleging lack of prior knowledge of the pendency of the suit. This petition sets forth that the Louisiana Department of Revenue had issued retail beer permits in Ward 10 of Livingston Parish continuously from 1967 to 1972, and previously; that these holders of State permits also held valid permits from the Livingston Parish Police Jury for the sale of beverages of low alcoholic content; that no applications to the State for liquor or beer permits for Ward 10, Livingston Parish have been approved since judgment herein; and that petitioner in intervention prays for judgment holding the election of December 6, 1948, for Ward 10, Livingston Parish null and void, or, in the alternative, judgment holding that the election does not apply to beverages of low alcoholic content.
The trial court signed an order allowing the petition in intervention to be filed after judgment. This was in error since the law provides third persons may intervene only in a pending action. LSA-C.C.P. art. 1091. While it is true that a third person who could have intervened may appeal, LSA-C.C.P. art. 2086, the attempted intervention by the Commissioner on Alcoholic Beverage Control is not an appeal. We find no authority for allowing an intervention after judgment in the trial court. The Louisiana Supreme Court has rejected an attempt to file a petition in intervention with it in the first instance. Succession of Herdman, 154 La. 477, 97 So. 664 (1923). See also Thompson v. Mylne, 4 La.Ann. 212 (1849). Therefore, we accord no weight to the petition in intervention or the allegations contained therein.
The attorney for plaintiffs-appellants argues that the 1948 election was held pursuant to a repealed 1935 law whereas it should have been held according to Act 372 of 1948, now LSA-R.S. 26:581 et seq.; one essential difference being that the 1948 law required three propositions on the ballot, permitting voters to select among beer, liquor and package liquor. The 1948 election in Ward 10 of Livingston Parish had only one proposition, as quoted above.
Plaintiffs contend that the election was held strictly according to the 1935 law and therefore the trial judge erred in applying one provision of the 1948 law, to-wit: that appeal must be made within thirty days. Also, plaintiffs contend that there is no resolution or ordinance in the record by which to measure the commencement of the thirty day period.
Plaintiffs also argue that other permits were issued despite the 1948 election and that the results of the election were only applied in their case, a selective application of the results of the election for the first time in 1972.
Further, plaintiffs argue that the election could not prevent the issuance of beer permits, because, at the time of the election, beer was not considered an "alcoholic or intoxicating liquor". LSA-R.S. 26:241; State v. Viator, 229 La. 882, 87 So.2d 115 (1956).
Lastly, plaintiffs argue the disenfranchisement of the voters of Ward 10, Livingston Parish, they being denied the right *899 to select among beer, liquor and package liquor.
Before considering the merits of plaintiffs' challenge to the election of December 6, 1948, for Ward 10 of Livingston Parish, Louisiana, we must decide whether the trial judge was correct in finding that their suit was barred by the lapse of the thirty day period provided in LSA-R.S. 26:590. LSA-R.S. 26:590 clearly states that a suit to declare a local option election null and void must be brought by an elector qualified to vote in the election within thirty days of the promulgation of the results of the election. However, LSA-R.S. 26:594 provides that "The governing authority calling the election shall (emphasis ours) promulgate the result by resolution or ordinance adopted at its first regular meeting after the election ...". The record does not reflect that the results of the election held for Ward 10 of Livingston Parish on December 6, 1948, were ever promulgated by a formal resolution or ordinance. In the absence of such a resolution or ordinance the period within which to challenge the election does not toll.
The proposition on the ballot in the Livingston Parish election in question uses the language of Act 17 of 1935. However, Act 372 of 1948 became effective in July of 1948 some five months prior to the election. The following language is found in Act 372 of 1948 as codified in LSA-R.S. 26:587:
When such an election has been ordered the following propositions, and no others shall be plainly printed upon a special ballot to be used for the election, otherwise the election shall be null and void: (emphasis ours)

1. Shall the sale of beverages of low alcoholic content
 containing more than three and two-tenths per cent YES
 alcohol by weight, and not more than six per cent
 alcohol by volume, be permitted in .................... NO
 .......................................................
2. Shall the sale of beverages of high alcoholic content,
 containing more than six per cent alcohol by volume YES
 for consumption on the premises be permitted in .......
 ....................................................... NO
3. Shall the sale of beverages of high alcoholic content,
 containing more than six per cent alcohol by volume YES
 by the package only and not for consumption on the
 premises be permitted in .............................. NO

Unless a voter votes on all three propositions, his ballot will be deemed spoiled and illegal. If the voter desires to vote "YES" on any or all of these propositions he shall make an X mark in the square opposite the word "YES". To vote "NO" he shall make an X mark in the square opposite the word "NO".
A majority vote cast on each proposition shall separately determine that issue for the ward, or for the incorporated municipality. When a ward contains an incorporated municipality, the issue shall be separately determined for the municipality and for the unincorporated balance of the ward.
*900 In McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424 (1954), the limits of the powers delegated to local governmental authorities by local option statutes are defined as follows:
"... parishes and municipal corporations are creatures of the State and are vested only with such powers as may be conferred upon or delegated to them by the Legislature or the Constitution of this state. Moreover, the prohibition of the sale of alcoholic beverages by municipalities of police juries is a police power delegated to such bodies by the Legislature after a local option election, legally held, in which the majority of the electors have voted against the sale of such beverages; and, being a police power, it is properly exercised only if the police jury acts pursuant to the authority conferred by statute. City of Minden v. David Bros. Drug Co., 195 La. 791, 197 So. 505; State v. Jordan, 207 La. 78, 20 So.2d 543." 73 So.2d 424 at 425 and 426.
The election held by the Livingston Parish Police Jury for Ward 10 on December 6, 1948, did not comply in any respect with the provisions of Act 372 of 1948 set forth above. Since Act 372 of 1948 was in effect at the time of the election, the election was ultra vires and a nullity. Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961).
It follows that any action taken by the Livingston Parish Police Jury in reliance on the election would be without legal efficacy. McCrary v. Police Jury of Caddo Parish, 66 So.2d 416 (La.App. 2 Cir. 1953), affirmed 225 La. 489, 73 So.2d 431. Since the Police Jury has admitted that local Class A Retail Beer Permits were denied plaintiffs only because of the election in question, their action was a denial of plaintiffs' constitutional rights. Vice v. Assumption Parish Police Jury, 135 So.2d 108 (La.App. 1 Cir. 1961).
It is ordered, adjudged and decreed that the election of December 6, 1948 in Ward 10, Livingston Parish, be and it is hereby declared void and of no effect.
It is further ordered, adjudged and decreed that the Police Jury of Livingston Parish grant local Class A Retail Beer Permits to plaintiffs.
All costs are taxed against appellee.
Reversed.