CULPEPPER, Judge.
This suit was instituted by the plaintiff-appellant, Carolyn Crowe Glasscock, seeking an increase in child support from her former husband, Robert E. Glasscock. Mr. Glasscock responded seeking to have the $300 per month alimony payments terminated. ’ The trial court increased the child support payments from $350 per month to $600 per month, but terminated the alimony award to Mrs. Glasscock. The trial court also awarded Mr. Glasscock $75 as expenses and attorney’s fees for bringing a motion to compel discovery because of the refusal of Mrs. Glasscock to answer certain questions at a discovery deposition. From this judgment, Mrs. Glasscock has perfected this appeal. We affirm.
The Glasscocks were divorced in 1974. The divorce judgment awarded to Mrs. Glasscock the custody of their minor child, $350 per month for the support of the minor child and $300 per month alimony. In 1979, Mrs. Glasscock filed suit seeking to annul the community property settlement agreement made in 1974. Thereafter, Mrs. Glass-cock filed a motion seeking to have the child support increased contending that circumstances have changed to warrant such an increase. Mr. Glasscock then filed a motion to terminate the alimony payments to Mrs. Glasscock contending she has adequate resources for her own support. After Mrs. Glasscock refused to answer certain questions at a deposition, Mr. Glasscock filed a motion to compel discovery. The motions to increase child support, to terminate alimony, and to compel discovery were consolidated for trial.
The trial judge found Mrs. Glasscock has a present gross income of about $1,700 per month, that she holds approximately $70,-000 in interest-bearing certificates of deposit, and that she owes no substantial debts. The court terminated alimony payments to the wife, and she does not contest this portion of the judgment on appeal.
The issues on appeal are (1) whether the trial court’s award of $600 per month as *97 child support is manifestly inadequate, and (2) whether the trial court erred in awarding Mr. Glasscock attorney’s fees in connection with his rule to compel discovery.
In determining child support, the trial court is vested with wide discretion. Such a determination will not be disturbed by an appellate court unless a review of the record indicates that the trial judge abused that discretion. Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979); Dupre v. May, 365 So.2d 1173 (La.App. 3rd Cir. 1978); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976).
LSA-C.C Article 227 provides that both parents have the obligation to support and maintain their children. This support shall be granted in proportion to the needs of the child and the financial circumstances of the parents who are to pay. LSA-C.C. Article 231. Children living with their mother following divorce are entitled to the same standard of living as if they resided with their father if the financial circumstances of the father permit. Ducote v. Ducote, 339 So.2d 835 (La.1976).
The record indicates that Mrs. Glas-scock and her son presently live in a large townhouse apartment in a desirable neighborhood in Houston, and that her son attends a private school and is adequately cared for. Mrs. Glasscock has failed to show the trial judge abused his discretion by awarding child support insufficient to maintain the child’s standard of living as that which would be afforded him if he lived with his father. The fact that Mr. Glasscock receives a substantial annual income does not compel us to reach a different conclusion. In Ducote, supra, the Supreme Court concluded that $600 per month was adequate support for three minor children even though their father’s annual income was in excess of $163,000. We conclude that the trial court did not abuse its discretion in awarding $600 per month for the support of the minor child.
Mrs. Glasscock also contends that the trial court erred in awarding Mr. Glass-cock $75 pursuant to a motion to compel discovery under LSA-C.C.P. Article 1469(4). The court determined that Mrs. Glasscock’s refusal to answer certain questions at a discovery deposition was unjustified. The trial judge has much discretion in determining whether or not such refusal was without substantial justification. Smith v. Richardson, 200 So.2d 897 (La.App. 2d Cir. 1967); Duplechien v. McNabb, 260 So.2d 789 (La.App. 4th Cir. 1972); writ denied, 262 So.2d 395 (La.1972); Chiasson v. Widman, 376 So.2d 350 (La.App. 3rd Cir. 1979). Such factual determination will not be disturbed absent clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record does not reveal that the trial court’s judgment is clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant, Carolyn Crowe Glasscock.
AFFIRMED.