STOKER, Judge.
Where a first wife brings an action seeking to nullify a judgment of divorce between herself and the defendant husband, is a second wife who married the husband after the judgment of divorce an indispensable party to the action? This is the threshold or preliminary issue in this case.
*685 In this appeal the second wife also raised issues relative to the merits of the action of nullity but she did not have an opportunity to raise them in the trial court below. The first wife did not make the second wife a party to first wife’s suit to nullify the divorce decree. The action went to trial with the first wife and the husband as the only two parties. The trial court declared the divorce decree to be a nullity. The second wife then attempted to enter the case after the judgment of nullity. Upon being denied a hearing, the second wife appealed. The first wife and the husband are the appellees. The husband acquiesces in the nullity judgment and joins the first wife in resisting the second wife’s attempt to enter the case.
In order to give full consideration to the issues we must set forth the procedural history of the case in some detail.
Carolyn Crowe Glasscock (the first wife) and Robert E. Glasscock were married in 1967. Carolyn Glasscock obtained a judgment from Robert Glasscock on May 14, 1974. After the passage of one year and sixty days Robert petitioned for a divorce under the provisions of LSA-R.S. 9:302. A judgment of divorce was granted to Robert on September 15,1975.[1] Subsequently Robert married Blythe C. Glasscock (the second wife) who is the appellant in the matter before us. In the judgment of separation of May 14, 1974, Carolyn was awarded custody of the minor child of her marriage with Robert, $300.00 per month as alimony, and $350.00 per month as child support. The divorce judgment of September 15, 1975, confirmed the custody award and the $300.00 per month alimony award and the $350.00 child support award.
On May 4, 1979, plaintiff-appellee brought a “Suit to Declare Community Property Settlement Null and for an Accounting”. The petition alleged that a “purported community property settlement agreement” entered into May 14, 1974, was null, void and unenforceable. The record before us does not indicate whether this suit was ever followed up. On July 24, 1979, Carolyn Glasscock brought an action by rule against Robert Glasscock seeking an increase in child support. Robert countered on November 2, 1979, with a rule seeking to terminate the alimony obligation owed to Carolyn. Carolyn then sought by rule to have the alimony increased. Her petition for the rule for increase in alimony was filed on November 28, 1979. All of the rules were consolidated for trial, and the trial court handed down reasons for judgment May 1, 1980, and a judgment was signed on May 5,1980. That judgment was the subject of the appeal in 398 So.2d 95 (La.App. 3rd Cir. 1981) in which we affirmed the trial court. The judgment increased child support from $350.00 per month to $600.00 per month and terminated the obligation to pay alimony to Carolyn applying the tests appropriate under LSA-C.C. art. 160.
Thereafter Carolyn Crowe Glasscock discovered what she considered to be a fatal flaw in the proceedings leading to the judgment of divorce rendered against her on September 15, 1975. She then brought the present action before us to have the divorce judgment declared a nullity.
In her suit to annul the divorce judgment (filed February 23, 1981) Carolyn named Robert as the sole defendant. Robert filed an answer in which he generally denied Carolyn’s allegations. The case went to trial and judgment was granted in Carolyn’s favor on March 2, 1981, declaring the divorce judgment of September 15, 1975, to be null and void. The grounds on which Carolyn sought annulment (and upon which it was apparently granted) were that the divorce had been taken by default judgment and the record reflected the entry of a preliminary default prior to the running of fifteen days from the filing of suit and acceptance of service by Carolyn Glasscock.
*686 In the meanwhile difficulties had apparently arisen between Robert Glasscock and his second wife, appellant Blythe Glasscock. On March 9, 1981, (that is, after judgment annulling the divorce) Blythe filed a peremptory exception of nonjoinder of an indispensable party, namely herself. Blythe alleges in paragraph 4 of her exception as follows:
“4.
“That your petitioner, Blythe Glas-scock, present wife of Robert E. Glas-scock, was and is an indispensable party to the litigation in that no complete and equitable adjudication of the controversy can be made in petitioner’s absence, and that the joinder of petitioner in this proceeding is absolutely necessary to protect her substantial rights.”
The court denied Blythe Glasscock’s motion to set the exception for hearing. Blythe then filed a motion for a new trial which the trial court also refused to set down for hearing.
It was at this point that Blythe Glasscock appealed.
WAS BLYTHE GLASSCOCK AN INDISPENSABLE PARTY?
If the marriage of Robert and Carolyn was not dissolved by the divorce decree of September 15, 1975, because the decree was a nullity then the status and marital rights of Blythe Glasscock are vitally affected. Interestingly, Robert as well as Carolyn takes the position in this appeal that the judgment decreeing their divorce to be null is correct.
The questions relative to the judgment decreeing the nullity of the divorce argued on appeal are two: (1) was the divorce judgment of September 15, 1975, actually defective in fact as alleged by Carolyn Glas-scock; and (2) if the divorce judgment was a nullity when rendered, did Carolyn acquiesce in the judgment so that she was disqualified from bringing the annulment action under LSA-C.C.P. art. 2003? [2]
Of these two questions only the first received consideration in the trial court. However, in view of the husband-appellee’s present position, we are concerned as to whether serious opposition was made on his behalf. In any event, Blythe Glasscock was not a party to the trial and had no opportunity to challenge the position taken by the first wife, Carolyn Glasscock. While we express no opinion as to whether Blythe Glasscock has raised serious defenses in this appeal to the action to nullify the divorce judgment, or could do so in a trial de novo, we have concluded that she was an indispensable party to the proceedings.
In defense of the trial court’s action we note that there is authority for the trial court’s refusal to permit Blythe Glasscock to intervene, in effect, by refusing to grant her a hearing on her exception or hearing on her motion for a new trial. Pratt v. Livingston Parish Police Jury, 278 So.2d 897 (La.App. 1st Cir. 1973). Nevertheless, under LSA-C.C.P. art. 2086 a third person who could have intervened may appeal a judgment in a case whether or not any other appeal has been taken. Andrus v. Police Jury of Parish of Lafayette, 266 So.2d 535 (La.App. 3rd Cir. 1972).
LSA-C.C.P. art. 641 provides for compulsory joinder of indispensable parties as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a *687 complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
Giving liberal effect to this article, we conclude that Blythe Glasscock was an indispensable party to the action of nullity brought by Carolyn Glasscock.[3] It might be that we could decide the ultimate issues (nullity or the divorce judgment or, alternatively, the question of acquiescence) on the state of the present record. However, in briefs filed before this court none of the litigants have addressed the issues raised by the action of Carolyn Glasscock in bringing the various suits and rules subsequent to the divorce decree. Without making any ruling thereon we feel that serious issues of acquiescence may exist. Rather than make a ruling on the issues in this appeal, we conclude that fairness to all parties requires that we remand the case to the trial court for a trial de novo consistent with our views holding Blythe Glasscock to be an indispensable party. To that end, we direct that the plaintiff-appellees make the appellant Blythe Glasscock a party defendant and that she be given the benefit of service and citation and all delays allowed by law for answering or otherwise responding to the suit.
For the foregoing reasons the judgment of the trial court on the merits and rulings of the trial court relative to the exception and motion for new trial filed by Blythe Glasscock are reversed and set aside, and this case is remanded to the trial court for a trial de novo consistent with the views expressed herein. Costs of this appeal are assessed to plaintiff-appellee, Carolyn Crowe Glasscock.
REVERSED AND REMANDED.

. Carolyn Crowe Glasscock and Robert E. Glasscock were before us in a previous matter reported at 398 So.2d 95 (La.App. 3rd Cir. 1981). We erroneously stated in that opinion that these parties were divorced in 1974. The correct date of the divorce was September 15, 1975.

. LSA-C.C.P. art. 2003 provides:
“A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
LSA-C.C.P. art. 2002 provides:
“A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
******
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.”

. We do not regard Blythe Glasscock as being in the position of a party attempting to collaterally attack a judgment, i. e., the judgment of March 2, 1981, declaring null and void the divorce judgment of September 15, 1975. As an indispensable party Blythe Glasscock should have been made a defendant. LSA-C.C.P. art. 641. Carolyn Glasscock is the party seeking to nullify a judgment; Blythe Glasscock seeks to uphold it. In this regard any position taken by Blythe Glasscock will consist of defenses to a suit rather than a collateral attack on a judgment.