Dear Representative Hopkins:
You have requested an opinion from this office regarding the validity of a local ordinance which may effectively prohibit the possession and consumption of alcoholic beverages where business is conducted in a dry ward. Specifically, you inquired as to whether individuals may possess alcohol at a private country club wherein no alcoholic beverages are being sold.
The ordinance in question; Section 3-3 of the Caddo Parish ordinances provides in pertinent part, the following:
(a) It shall be unlawful for any person to sell or deal in alcoholic beverages, or for any person or any employee of any person to sell, barter, exchange, give away, serve, dispense, deliver or otherwise dispose of, or permit to be consumed, alcoholic beverages upon the premises where business is conducted . . . (Emphasis added)
Furthermore, "premises" is defined in the Caddo Parish code as follows:
"the closed or partitioned-in locality, whether room, shop or building wherein the alcoholic beverage is sold . . . (Emphasis added)
Both the ordinance and the definition of "premises" serve to limit the application of the ban to businesses, thus freeing private homes from local enforcement authority.
The initial question to be answered is, what does the ordinance prohibit? In all respects that the ordinance prohibits sale or similar distribution, the ordinance is valid. The language in the ordinance raising your question is the phrase, "or permit to be consumed,". Insofar as this phrase prohibits possession, it exceeds the scope of the parish's power. This office has previously commented on a local government's authority to prohibit mere possession of alcoholic beverages. In an opinion dated March 20, 1961, we found that:
Mere possession of alcoholic beverages by a person in a dry area is not of itself sufficient to warrant arrest and prosecution under the ordinance, even if said ordinance were broad enough in scope to prohibit possession and define possession as a crime.
Also, the opinion concluded with:
. . . if said ordinance defines possession alone as an offense it is ultra vires and thus null and void. Op. Atty. Gen. 1960-62, p. 151.
The power to regulate traffic in alcoholic beverages is a police power vested in the state that may be delegated to a local body. "Generally, a police regulation of a subdivision of the state enacted pursuant to authority delegated by the state cannot exceed the grant of authority and must fall when it conflicts with state law," "State v. Sissons,292 So.2d 523, 526 (La. 1974).
In City of Pineville v. Tarver, 91 So.2d 597 (La. 1956), an ordinance prohibiting the possession of alcohol was declared void as beyond the power of the municipality.
It is clear that insofar as the ordinance prohibits possession of alcoholic beverages it exceeds the delegated authority.
We next must consider La. R.S. 26:711, the "blind tiger" statute which states:
A "blind tiger" is any place in those subdivisions of the state in which the sale of alcoholic beverages is prohibited where such beverages are kept for sale, barter, or exchange or habitual giving away, whether in connection with a business conducted at the place or not.
This is a criminal statute.
Considering the above, the following principles may be stated:
(1) Under La. R.S. 26:581 et seq., the state has delegated to local authorities the power after an election, to ban the sale of alcoholic beverages.
(2) Ordinances prohibiting the possession of alcoholic beverages are void as beyond the scope of the delegation of power.
(3) The "blind tiger" statute prohibits, in those subdivisions of the state that have outlawed the sale of such beverages, any place where such beverages are kept for sale, barter, exchange or habitual giving away.
Therefore the question, again stated is, can the ordinance prohibit a person from "permitting alcoholic beverages to be consumed" on a premise where business is conducted.
In our opinion, the ordinance exceeds its delegated powers when it prohibits the consumption of such beverages at a private club or home. If a person brings his own such beverages to a private club and consumes those beverages he brought, that conduct is legal.
Trusting the above is helpful to your inquiry, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0489e