295 So.2d 494 (1974)
James Steve TAYLOR, Jr., Plaintiff and Appellant,
v.
Elizabeth Breaux TAYLOR, Defendant and Appellee.
No. 4507.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 18, 1974.
V. V. Young, Crowley, for plaintiff-appellant.
Hugh Brunson, Crowley, for defendant-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
CULPEPPER, Judge.
The plaintiff, James Steve Taylor, Jr., filed this suit against his wife, Elizabeth Breaux Taylor, seeking to be recognized as the father of her two minor children. They were born respectively in 1962 and 1964 while plaintiff and defendant were living together, but before they were married in 1968. Plaintiff also seeks custody of the children or, alternatively reasonable visitation rights.
The defendant filed an exception of no right of action, or no interest in the plaintiff to institute suit. The grounds urged for the exception are that the children were born while defendant was still married to Paul Stelly, who is presumed to be the father; that Stelly is the only person who can attack that presumption and he has not done so; and therefore plaintiff has no right to be recognized as the father or to demand custody or visitation rights. The district judge sustained the exception. Plaintiff appealed.
There is no dispute as to the facts. Defendant married Paul Stelly on May 20, 1960. She testified she lived with Stelly *495 only five months. In January of 1961 she filed a suit for legal separation from Stelly, but those proceedings were not completed.
In 1961 she commenced living with the plaintiff, James Steve Taylor, Jr., as husband and wife. Their first child, Nathan James Taylor, was born in Crowley, Louisiana on January 3, 1962, and the birth certificate shows plaintiff and defendant as the parents. Their second child, Jennifer Lisa Taylor, was born in Laurel, Mississippi on July 4, 1964, and her birth certificate also shows plaintiff and defendant as the parents. Mrs. Taylor testified in the present case that Mr. Taylor is the father of both children.
By proceedings instituted in the State of Mississippi, defendant was divorced from Paul Stelly by judgment dated February 20, 1968. In those proceedings Stelly was stated to be an absentee whose whereabouts were unknown. The decree states no children were born of the marriage to Stelly.
On February 21, 1968, plaintiff and defendant were married in Perry County, Mississippi. In February of 1970, plaintiff and defendant separated. He filed suit for divorce on the grounds of cruelty and prayed for custody of the two minor children. Those proceedings were never completed. During the summer of 1970, Mrs. Taylor took the two children and moved back to Crowley, Louisiana. Shortly thereafter in 1970, she filed suit in Acadia Parish, Louisiana for separation from Mr. Taylor and alleged that no children were born of their marriage.
On July 26, 1973, Mr. Taylor filed the present suit in Acadia Parish alleging generally the facts stated above. He prays that he be "judicially confirmed as the father of the minor children, namely: Nathan James Taylor and Jennifer Lisa Taylor", and that he be awarded their permanent care, custody and control or, in the alternative, that he be accorded reasonable visitation rights.
In support of her exception of no right of action, Mrs. Taylor cites the following articles of our Civil Code:
"Art. 184. The law considers the husband of the mother as the father of all children conceived during the marriage."
"Art. 185. The husband cannot by alleging his natural impotence, disown the child; he cannot disown it even for cause of adultery, unless its birth has been concealed from him, in which case he will be permitted to prove that he is not its father."
Our Supreme Court has consistently given a strict interpretation to these articles. For instance, in State v. Randall, 219 La. 578, 53 So.2d 689 (1951) the court said:
"In interpreting these codal provisions this court has held on numerous occasions that the right to contest the legitimacy of a child born during marriage is strictly personal to the husband and can be exercised by him only during a fixed period (with the right reserved to his heirs in the event of his death within the delay). When he fails to institute timely the disavowal action such right is extinguished; it can subsequently be exercised by no one; and the presumption of his paternity is absolute." (citations omitted)
In the recent case of Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972) our Supreme Court chose to follow the strict interpretation of these Code Articles. The Court stated:
"The codal provisions prevent the disavowal of paternity except within extremely narrow limits, and then only if done promptly after the birth. The policy of the State, as found in the statutes and as perpetuated in the jurisprudence, has been to protect innocent children against attacks upon their paternity. Williams v. Williams, 230 La. 1, 87 So.2d 707."
In the present case, there has been no disavowal action filed by Mr. Stelly. The *496 defendant mother testified in these proceedings that Mr. Stelly's whereabouts are unknown and she does not even know whether he is dead or alive.
Regardless of the strong equitable factors favoring plaintiff's demands in this case, we are constrained to hold under the above jurisprudence of our Supreme Court that since there has been no disavowal action by Stelly, he is presumed to be the legitimate father of these children. No one except Stelly can contest his paternity. Therefore, the plaintiff has no right of action to demand that the court recognize him as the legitimate father of these children. It is obvious that a child can have only one legitimate parent, Burrell v. Burrell, 154 So.2d 103 (1st Cir. 1963).
Nevertheless, we find that plaintiff has a right of action to seek visitation rights. This holding is based upon the interrelated factors inherent in the facts alleged and the jurisprudential rule that the court is primarily concerned with the welfare and best interest of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and numerous citations therein.
Mrs. Taylor admitted that the children were born of her cohabitation with plaintiff. Plaintiff alleged (Tr. 5) that he took care of and properly supported the children until the separation.
Under these circumstances plaintiff has the right to attempt to establish that allowing him visitation rights would be to the best interest of the children.
The phrase "welfare and best interest of the children" is not an empty one and is not regarded as mere window dressing in cases where custody and visitation rights are in dispute. We regard the phrase as one of substantive content which merits a full and fair evidentiary hearing. We remand the matter for this determination without suggesting a particular outcome. We merely state that plaintiff is entitled to his day in court.
In remanding the case, we stress that plaintiff is restricted to an attempt to show that it would promote the welfare and best interest of the children to allow him visitation rights. Legislation and the jurisprudence on paternity command a strict view of paternity. For that reason he is not entitled to custody as against the mother's claim. Plaintiff still remains a legal stranger to these children because legislation, policy, and precedent demand that justice turn a blind eye to his pleading to be recognized as the legal father.
These factors do not, however, require that we become deaf and speechless as well. Legal fictions and presumptions need not extend beyond their necessary and useful sphere.
The trial court judgment is reversed and the case is remanded. All costs of this appeal are assessed to defendant appellee.
Reversed and remanded.