355 So.2d 977 (1977)
Diane FIRMIN, Plaintiff-Appellant,
v.
Lawrence MILLER, Defendant-Appellee.
No. 6227.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Duczer, Alford & Berrigan by William C. Neil Alford, II, Slidell, for plaintiff-appellant.
Michael J. Johnson, Cottonport, Boatner & Luke, R. H. Luke, Bunkie, for defendantappellee.
Before CULPEPPER, DOMENGEAUX and JOHNSON, JJ.
JOHNSON, Judge.
This case presents two issues. The first is whether the biological father (the mother being married to another man when the child was conceived by the biological father) is entitled to visiting privileges when such visiting privileges have been determined by the trial judge to be in the interest of the child. The parties herein have, by previous judicial admissions, admitted that the child is the product of their illicit union.
This issue has been squarely presented to this Court before in the case of Taylor v. Taylor, 295 So.2d 494 (La.App. 3rd Cir. 1974). Taylor is identical in all essential parts. This Court therein answered this question in the affirmative holding that visiting with the biological father should be allowed when it was in the interest of the child. The appellant, Diane Firmin asked that the appellee's visiting rights be terminated in this proceeding. The trial court had previously granted the biological father visiting privileges. In the judgment of the trial judge, we find the following:
"In the interest of the parties and the children, the Court does now re-adjudicate the visiting rights of the father as follows:_ _ _"
In view of the trial judge's finding that the visiting privileges are in the interest of the child and, considering the views expressed in the Taylor case, the trial court's *978 opinion in this matter should be accorded great weight, as in all child custody cases. Fulco v. Fulco, 254 So.2d 603 (La.App. 3rd Cir. 1971).
The second issue is appellant's complaint with that portion of the judgment making executory the past due support money owed to the mother. Appellant seems to think that the judgment is not properly made executory as written by the trial judge. He believes that the appellee can offset the judgment with other amounts claimed by the appellee, not reduced to judgment. Appellee's claim for money due is not directly at issue in this case. For clarity, it needs to be pointed out that this couple lived together in their illicit union for about twelve or fourteen years. For a short period of time during this fourteen year period, they separated and the appellant was married to another man. Husband and wife lived together a very short time. The marriage was not dissolved until several years later. Appellant and appellee resumed their illicit union shortly after the separation ensued from the marriage, and, continued to live together for a long period. The second child was conceived and born during the existence of the legal marriage.
The older child, Douglas, now approximately eleven years old, was born while there was no impediment to a marriage between the parties. The support judgment, as shown in this suit, (TR 9) is for the support of the older child. None of the support judgment is for the support of the wife or the younger child.
The portion of the judgment complained of by appellant reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the past due support to the mother be and is made executory in the amount of $800.00, which amount she can claim and set off as against the claims of the father for refund of his money that he had entrusted to her."
This judgment is made executory in the amount of $800.00 in favor of the plaintiff wife. The remainder of the paragraph states that she can claim and setoff against any claims of the father for any claims that he has against her. The latter part of the paragraph is merely surplusage. This surplus language does not make the judgment defective. It does not affect the validity of the judgment. See Hinchman v. International Brotherhood of Electrical Workers Local Union # 130, 292 So.2d 717 (La.1974). Any final judgment can be used in setoff or compensation by the judgment creditor against a claim by the judgment debtor. LSA-C.C. 2207 et seq.
The judgment is defective in that it does not provide for legal interest. Accordingly the said judgment is recast to read as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the past due support to the mother be and is made executory in the amount of $800.00, together with legal interest from date of judicial demand until paid, which amount she can claim and set off as against the claims of the father for refund of his money that he had entrusted to her."
For these reasons, the judgment appealed from, as amended herein, is affirmed at appellee's costs.
AFFIRMED, AS AMENDED.