382 So.2d 482 (1980)
Karen Michelle PEARSON
v.
Phillip Bryce CLARK.
No. 51811.
Supreme Court of Mississippi.
April 23, 1980.
J.W. Kellum, Sumner, for appellant.
Luckett, Luckett, Luckett & Thompson, Kay Farese Luckett, Clarksdale, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Appellant, Karen Michelle Pearson, appeals from the Order of the Chancery Court of Tallahatchie County allowing Phillip Bryce Clark periodic visitation with their 16-month old son, Terry Vaughan Pearson.
The facts and circumstances of this case are unusual. Karen and Phillip, when they were 15 years old, began to live together as *483 husband and wife in a trailer located on Karen's parents' homeplace. They held themselves out in the community as husband and wife. Karen's parents and Phillip's parents thought that they were married. They tried to get married several times, going to Greenwood, Clarksdale, and Marks, Mississippi, for a marriage license, but were refused a license because of their age.
After over three years of living together, Karen became pregnant with Phillip's child. When Karen was about six weeks pregnant, they separated. Although Phillip had requested Karen to let him know when the child was born, she did not do so and the child was born on December 18, 1977. When Phillip found out, he went to the Clarksdale hospital, but Karen had already left. Despite many attempts by Phillip to see his son, Karen refused to let either Phillip or his mother see him.
On February 13, 1978, Karen filed a Petition for Adjudication of Paternity under the provisions of Mississippi Code Annotated, sections 93-9-1 et seq., (1972). In her petition, she stated under oath that Phillip Bryce Clark was the father of Terry. She prayed: that Phillip Bryce Clark be adjudged to be the father, that he be ordered to pay all expenses "from or incident to the mother's pregnancy and birth of said child", ordered to pay a reasonable attorney's fee for her attorney, and ordered to pay monthly support for Terry. Phillip not only did not contest her petition but also admitted all averments of the petition.
On May 10, 1978, the Chancellor entered an Order of Filiation, adjudicating: that Phillip Bryce Clark was the father of Terry Vaughan Pearson, that Phillip pay Karen $681 as expenses incident to her pregnancy and birth of Terry, that he pay Karen $150 for her solicitor's fee, and that Phillip pay Karen $100 per month for the support of their son, Terry. The Chancellor also decreed that "said child shall inherit from Phillip Bryce Clark as a natural child of the father under the statutes of descent and distribution." Phillip has paid all sums adjudged against him, including the $100 per month support for Terry.
After a hearing on Phillip's petition for visitation rights, the Chancellor entered an order on May 18, 1979, establishing such rights. Phillip was granted visitation rights with his minor son on alternate weekends beginning at 1:00 p.m. on Saturday and ending at 6:00 p.m. on Sunday, the visitation to be in the home of Phillip's parents where Karen was required to deliver the child. Phillip was also granted a 5-day visitation period during his regular vacation, and also visitation privileges from 2:00 p.m. on Christmas Day until 6:00 p.m. on December 26th of each year. Phillip was also ordered to pay a $200 attorney's fee for Karen's attorney.
The appellant's three assignments of error concern this one issue: Did the Chancellor err in granting visitation rights to the father of an illegitimate child?
This Court is of the opinion that, under the peculiar facts of this case, the Chancellor reached the right decision in granting visitation rights to the father, Phillip Clark. The record reflects the interest, support and concern this father has for his child. We feel that the best interests and welfare of Terry will be promoted by allowing him to be with both parents and to have the continued love, support and concern of both parents.
The Supreme Court of the United States spoke recently on this subject, in Caban v. Mohammed, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), and Stanley v. State of Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). In Caban, in striking down a New York statute, the Court said:
"The effect of New York's classification is to discriminate against unwed fathers even when their identity is known and they have manifested a significant paternal interest in the child. The facts of this case illustrate the harshness of classifying unwed fathers as being invariably less qualified and entitled than mothers to exercise a concerned judgment as to the fate of their children." 441 U.S. at 394, 99 S.Ct. at 1769, 60 L.Ed.2d at 308.
*484 In Taylor v. Taylor, 295 So.2d 494 (La. App. 1974), and Mixon v. Mize, 198 So.2d 373 (Fla.App. 1967), visitation rights were granted an unwed father with his illegitimate child where the father had shown an interest in and support of his child and where such visits would not be detrimental to the child's welfare.
The evidence of Phillip's love, concern, interest and support of his son, Terry, being undisputed, we feel that the Chancellor reached the right decision in this case and his judgment is affirmed.
The appellant has asked that appellee be required to pay an additional fee for the services of her attorney in this Court. Her request is denied. This is not a proper case for the allowance of an additional attorney's fee. The mother, in her appeal, is seeking to keep the father from ever seeing or visiting with his child, even though the father has shown his love, concern and interest in his son, and has willingly paid all sums decreed for his support.
The decree is affirmed, and the motion for additional attorney's fee in this Court is denied.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.