PONDER, Judge.
Plaintiff appealed the dismissal of his suit on a peremptory exception of res judicata.
The issues on appeal are: 1) the final adjudication of issues raised by the plaintiff for the purpose of res judicata, and 2) whether plaintiff is entitled to a jury trial of those issues.
We affirm.
Plaintiff and his family were injured in a fire at a Texaco service station. The fire occurred while a station attendant was filling plaintiffs truck with gas. Plaintiff, individually, and as tutor of his minor children, filed two suits against Texaco, Inc. and General Motors Corporation, one in the United States District Court for the Eastern District of Louisiana, and the other in the Sixteenth Judicial District Court for the Parish of St. Mary.[1] A verdict was rendered in favor of Texaco, Inc. in the Federal District Court. The United States Fifth Circuit Court of Appeals affirmed and denied plaintiff’s application for a rehearing. Plaintiff’s application for a writ of certiora-ri to the United States Supreme Court was denied.[2]
Plaintiff then resumed activity in his suit in the state court system. Texaco, Inc. *1109 filed a peremptory exception of res judica-ta, alleging that the issues involved had been conclusively adjudicated in the federal system. Plaintiff appealed when the trial court sustained the peremptory exception.
A presumption of correctness in a prior judgment precludes relitigation of the object of the judgment when there exists 1) identity of the parties, 2) identity of the “cause,” and 3) identity of the “thing demanded.” La. Civil Code Art. 2286.[3] Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981).
Plaintiff argues that res judicata is inapplicable since the issue of whether advertising warranty, agency by estoppel and apparent authority exist in Louisiana was not adjudicated by the Federal Courts. When the Federal District Court excluded evidence to support these theories, the evidence was submitted under proffer. The Fifth Circuit Court of Appeals considered the evidence submitted on proffer but still found insufficient evidence in the record to support these theories. After reviewing the Federal District Court’s written reasons for excluding the evidence and the opinion by the Court of Appeals, we hold that the issue was adjudicated sufficiently to support the later plea of res judicata.
Plaintiff argues that the Fifth Circuit’s decision was a “trial by proffer,” and that the sustaining of the plea of res judica-ta impinges on his right of access to the courts. Article 1, Section 22 of our Constitution of 1974[4] does not require that every suit filed be disposed of by trial on the merits. To hold otherwise would have the effect of removing practically all exceptions from our civil procedure. See Miles v. Illinois Central Gulf Railroad Co., 389 So.2d 96 (La.App. 4th Cir.1980), writ denied, 394 So.2d 612 (La.1980). Plaintiff’s argument is without merit.
Plaintiff further argues that because the Federal District Court’s exclusion of the evidence was manifestly erroneous, the necessity for him to make a proffer was eliminated, citing Tauzier v. Tauzier, 405 So.2d 1309 (La.App. 4th Cir.1981). A claim that a prior adjudication was in error is immaterial to the application of res judicata in a following proceeding so long as the requirements of res judicata are met. Valien v. Prather, 348 So.2d 229 (La.App. 3rd Cir.1977), writ denied, 351 So.2d 515 (La.1977). Both the Federal District Court and the Fifth Circuit Court of Appeals have considered plaintiff’s contentions and ruled against him. Res judicata does not require either jury trial or favorable verdict.
For these reasons, the judgment of the trial court is affirmed with costs assessed to the plaintiff.
AFFIRMED.

. The suit filed in state court against General Motors Corporation was dismissed on an exception of res judicata. No appeal was taken. That suit also named as defendants the service station owner and attendant.

. Arceneaux v. Texaco, Inc., 623 F.2d 924 (5th Cir.1980), cert. denied, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981).

. La. Civil Code Article 2286:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.

. La. Constitution Article 1, § 22.
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.