515 So.2d 622 (1987)
Morris Michael LAMANA
v.
Virginia Teresa LeBLANC.
No. 87 CW 0007.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Rehearing Denied November 13, 1987.
Writ Granted February 5, 1988.
Wayne R. Crouch, Baton Rouge, for plaintiff Morris Michael Lamana.
William L. Kimball, Port Allen, David L. Dawson, Jr., co-counsel, Baton Rouge, for defendant Virginia Teresa LeBlanc.
Patricia T. Riddick, Baton Rouge, for intervenor Timothy Robillard.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit in which the plaintiff alleges he is the natural father of a child and seeks to be awarded visitation rights and to be ordered to pay reasonable child support. The defendant mother of the child filed a *623 peremptory exception raising the objection of res judicata contending a prior definitive judgment barred the plaintiff from asserting his filiation with the child and obtaining visiting privileges. The trial court overruled the exception, and the defendant sought a supervisory writ from this court. This court declined to exercise our supervisory jurisdiction on the ground that the defendant had an adequate remedy by review on appeal. On application of the defendant, the Louisiana Supreme Court granted a supervisory writ which remanded the case to this court for briefing, argument and an opinion.[1]Lamana v. LeBlanc, 503 So.2d 468 (La.1987).

PROCEDURAL FACTS
In 1982, Morris M. Lamana filed suit (Lamana I) against Virginia T. LeBlanc, seeking a judgment recognizing him as the biological father of LeBlanc's child and granting him visitation rights. LeBlanc filed a peremptory exception raising the objections of no right of action and no cause of action asserting her child was born within 300 days of her divorce from another, and her ex-husband did not timely disavow the child. The trial court sustained the exception, and Lamana appealed. This court affirmed the trial court's judgment and held that the presumption that the husband of the mother was the father of the child became conclusive when the husband failed to disavow paternity, and Lamana had no right or cause of action. Lamana v. LeBlanc, 449 So.2d 31 (La.App. 1st Cir.1984). The Louisiana Supreme Court, by a four to three vote, denied Lamana's application for supervisory relief with the observation that the result was correct. Lamana v. LeBlanc, 450 So.2d 959 (La.1984).
The instant suit (Lamana II) was filed on September 4, 1986. It is entitled "PETITION FOR VISITATION", contains factual allegations tending to establish that Lamana is the natural father of LeBlanc's child and prays for an award of visitation rights and payment by Lamana of reasonable child support.

OBJECTION OF RES JUDICATA
In brief, Lamana concedes that "the issue of petitioner's right of action to have his biological paternity legally established is perhaps res judicata", but asserts that "a biological father has a right of action to seek visitation notwithstanding the fact that he has no right of action to be recognized as the father of the child", citing Taylor v. Taylor, 295 So.2d 494 (La.App. 3rd Cir.1974), writ denied, 299 So.2d 799 (La.1974) and Finnerty v. Boyett, 469 So. 2d 287 (La.App. 2nd Cir.1985). He further argues that, since Lamana I only disposed of the filiation issue (and not the visitation issue), he can still litigate the visitation issue.
LeBlanc contends the objection of res judicata should be sustained because in Lamana I and Lamana II the parties are the same, the thing demanded is the same and the cause of action is the same. She asserts that Lamana must prove his filiation to establish his right to visitations and, thus, the cause of action and the demands are the same.
In McGowan v. Ramey, 484 So.2d 785, 789 (La.App. 1st Cir.1986), appears the following:
The doctrine of res judicata conclusively presumes the correctness of a judgment and precludes the relitigation of the judgment. La.R.S. 15:433; Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981). When the judgment no longer can be litigated, it is said to have the authority of the thing adjudged. La. *624 C.C. art. 3556(31). Relitigation of the object of a judgment is barred by the doctrine of res judicata when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; (3) the demand is between the same parties and is found by them against each other in the same quality. La.C.C. art. 2286;4 Safeco Insurance Company of America v. Palermo, 436 So.2d 536 (La.1983). The objection of res judicata raises this issue procedurally. La.C.C.P. art. 927(2).
4. The substance of La.C.C. art. 2286 was transferred and redesignated as La.R.S. 13:4231 pursuant to Acts 1984, No. 331, § 7, effective January 1, 1985.
See also Cantrell v. BASF Wyandotte Corporation, 489 So.2d 1062 (La.App. 1st Cir.1986).
In Lamana I and Lamana II, the thing demanded is the same, visitation with the child. In Lamana I and Lamana II, the demand is between the same parties (Lamana and LeBlanc) and is found against them in the same quality (biological father and mother of child). The only remaining question to decide on the issue of res judicata is whether the demand is founded on the same cause of action.
In Ryan v. Grandison Trust, 504 So.2d 844, 850 (La.1987), the phrase "cause of action" was defined for the purposes of res judicata as follows:
R.S. 13:4231 also requires identity in the cause of action before res judicata will apply. It is well accepted that the phrase `cause of action' resulted from a misunderstanding of the French word `cause' used in the Civil Code of 1808; the French word `cause' does not mean the same thing as the English phrase `cause of action.' In Mitchell v. Bertolla, 340 So.2d 287 (La.1976), this court equated `cause' with the juridical or material fact which is the basis of the right claimed, or the defense pleaded.... `Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand.'
The material fact basis for Lamana's claim of the right to visit the child is that he is the biological father of the child. In Lamana I, it was definitively[2] held that Lamana had no right or cause of action to claim he was the biological father. In Lamana II, Lamana claims he has the right to visit with the child because he is the child's biological father. The cause is the same in Lamana I and Lamana II.
All of the elements for res judicata exist between Lamana I and Lamana II. The trial court erred in overruling the exception, and this assignment of error has merit.
The Taylor and Finnerty cases cited by Lamana do not involve the objection of res judicata. They stand for the proposition that in some instances a biological father may have a right of visitation. Those cases are not from this circuit and this court has held that Lamana has no right or cause of action to claim he is the biological father for visitation or any other purpose. A claim that Lamana I is in conflict with Taylor and Finnerty, or even that Lamana I was decided in error, is immaterial to the application of res judicata in Lamana II, provided the elements of res judicata are present. Arceneaux v. Texaco, Inc., 424 So.2d 1107 (La.App. 1st Cir.1982), writ denied, 429 So.2d 134 (La.1983).

INTERVENTION
The legal father of the child has filed in this court a motion for permission to file a petition of intervention against Lamana and LeBlanc in this court. In his petition of intervention, the legal father asserts he has a suit to disavow paternity of the child pending in the trial court and contends that, if he wins the suit, Lamana's rights as biological father will be affected, and, if he loses the suit, LeBlanc's "sole custody rights will be affected and ... Lamana's visitation rights as biological father will affect ... [his] paternal rights as legal father...." He prays that this matter *625 be remanded to the trial court and consolidated with his disavowal suit.
Initially, we note that this matter is before us under our supervisory jurisdiction, pursuant to an order of the Louisiana Supreme Court, directing us to decide the correctness of an interlocutory judgment which overruled a peremptory exception raising the objection of res judicata. An exception is a means of defense used in a principal or an incidental action. La.C. C.P. art. 921. An intervention is an incidental demand (action) in a principal action wherein a third person having an interest may intervene in the pending principal action to enforce a right related to or connected with the object of the principal action. La.C.C.P. arts. 1031 and 1091. We have found no authority, and none has been cited to us, which permits an intervention in an exception in an appellate court.
Further, it has been held that an intervention may not be filed after judgment has been rendered in the trial court on the merits of the principal action, except as provided in La.C.C.P. arts. 1066 and 1092. Pratt v. Livingston Parish Police Jury, 278 So.2d 897 (La.App. 1st Cir.1973); Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La. App. 3rd Cir.1973), writ refused, 287 So.2d 191 (La.1974); Louisiana Power and Light Company v. Charpentier, 165 So.2d 614 (La.App. 1st Cir.1964). Thus, by analogy, even if an intervention in an exception were permissible, it should not be permitted after the trial court's judgment on the exception was rendered.
Finally, we question the legal father's interest in the mother's defense of res judicata in Lamana II. Lamana I is now definitive, and nothing can be done about it. However, the legal father was not a party to Lamana I, and, therefore, it is not res judicata as to him.[3] Our judgment herein does not preclude the legal father from proceeding with his disavowal action.[4]
For these reasons, we decline to permit the legal father to file the intervention in this court.

DECREE
For the foregoing reasons, the trial court's judgment overruling the peremptory exception raising the objection of res judicata is reversed, and judgment is rendered sustaining the exception and dismissing Lamana's suit against LeBlanc with prejudice. Lamana is cast for all costs.
REVERSED AND RENDERED.
NOTES
[1] Prior to Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), it was the general practice in the courts of appeal that supervisory writs were not granted unless there was clear trial court error causing irreparable injury or an ordinary appeal would not be an adequate remedy in practical fact. A. Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964). However, in Herlitz, courts of appeal were admonished to exercise supervisory jurisdiction when (1) when the trial court's judgment was arguably incorrect, (2) a reversal would terminate the litigation (in whole or in part) and (3) there was no dispute of fact to be resolved. The fact that there was an adequate remedy by review on appeal ceased to be a controlling criteria.
[2] Pursuant to La.C.C.P. art. 1842, a final judgment is definitive when it has acquired the authority of the thing adjudged pursuant to La.C. C. art. 3556(31).
[3] It has been held that a legal father is an indispensable party in a filiation suit by a biological father against the mother. Finnerty v. Boyett, 469 So.2d at 296. It could also be argued that the child individually is also an indispensable party.
[4] Since the child was not a party to Lamana I, he is not precluded by that judgment from proving his filiation to Lamana. See, for example, Griffin v. Succession of Branch, 479 So.2d 324 (La.1985). The child is not a party to Lamana II or the legal father's attempted intervention, and so any judgment rendered herein will not be res judicata for him. La.C.C.P. art. 732.