PER CURIAM.
The Department of Environmental Quality (DEQ) found BASF Corporation to be in violation of certain sections of the Louisiana Air Quality Regulations, and assessed BASF a $66,700.00 penalty, after several meetings, between DEQ and BASF, at which the views of the general public were not received. The Sierra Club and the Ascension Parish Citizens Against Toxic Pollution (hereinafter called collectively the Citizens Groups) filed an appeal, notwithstanding the fact that they had not appeared or been represented at the meetings between BASF and the DEQ.
The Citizens Groups attached to their Application for Appeal an Assignment of Errors. In neither the Application for Appeal nor in the Assignment of Errors do the Citizens Groups state wherein they have been damaged by the assessment of the $66,700.00 penalty, but we gather that Citizens Groups considered this amount to be entirely too small, considering the economic benefits received by BASF in violating the regulations of the DEQ. In any event, the following motions were filed:
(1) Motion of Counsel for BASF to enroll as counsel of record.
(2) Motion of Counsel for BASF to dismiss Citizens Groups’ appeal on the ground that Citizens Groups had no standing to appeal. (BASF did not appeal.)
*163 (3) Motion by Counsel for Citizens Groups to dismiss BASF’s motion to dismiss on the ground that BASF was not a party to the appeal.
(4) Motion by Louisiana Environmental Action Network (LEAN) to intervene in Citizens Groups’ appeal.
(5) Motion by the Attorney General of the State of Louisiana to intervene in the appeal.
LSA-R.S. 30:1072 C reads as follows:
Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent. Any preliminary, procedural, or intermediate ruling or decision by the secretary is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. The provisions of R.S. 49:962 and 964 shall not apply to decisions and orders of the secretary.
Thus, Citizens Groups has standing to appeal only if they were aggrieved by the disposition made by DEQ. BASF contends the appeal should be dismissed, as Citizens Groups in their Application for Appeal or their Assignment of Errors have not alleged they were aggrieved by the decision of the DEQ nor shown wherein they were aggrieved.
As we view the matter, dismissal of an appeal is much too harsh a remedy for Citizens Groups’ failure to allege they were aggrieved, as this state has a broad policy of preventing environmental damage. See generally, Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984). Rather, we hold that Citizens Groups should be granted thirty (30) days in which to show by amendment of their Application for Appeal or Assignment of Errors wherein they contend they were aggrieved.
As the attempted interventions of LEAN and the Attorney General of Louisiana are entitled to standing in the appeal of Citizens Groups only if that appeal is viable, we hold in abeyance a ruling on the question of whether or not these interventions are proper.
Accordingly, we grant Citizens Groups thirty (30) days in which to show by amendment of their Application for Appeal or their Assignment of Errors wherein they are aggrieved by the ruling of the Department of Environmental Quality.
We hold the petitions for intervention filed by LEAN and the Attorney General of Louisiana in abeyance awaiting the expiration of the thirty (30) days granted Citizens Groups.
FINAL DECISION DEFERRED.