526 So.2d 1107 (1988)
Morris Michael LAMANA
v.
Virginia Teresa LeBLANC.
No. 87-CC-2724.
Supreme Court of Louisiana.
June 3, 1988.
*1108 Wayne Crouch, Baton Rouge, for applicant.
William Kimball, David L. Dawson, Jr., Port Allen, for respondent.
JASPER E. JONES, Justice Ad Hoc.[*]
This is a suit by an alleged father of a child for visitation rights with the child born within 300 days of the mother's divorce from another man who had not disavowed the child.
We granted a writ of certiorari to the court of appeal, First Circuit, to review the judgment of that court which reversed the trial court judgment denying an exception of res judicata filed by the child's mother. The court of appeal sustained defendant's exception of res judicata and dismissed plaintiff's suit. Lamana v. LeBlanc, 515 So.2d 622 (La.App. 1st Cir.1987).
We reverse the judgment of the court of appeal sustaining the exception of res judicata and reinstate the trial court judgment which denied the exception.
In this suit Morris Michael Lamana, plaintiff, seeks visitation rights with Michael Morris LeBlanc who is the child of the defendant, Virginia Teresa LeBlanc. Plaintiff alleges that he lived with the mother of the child for many months before and after the child was born on August 1, 1981. He alleged that he had sexual intercourse with the mother and believes he is the father of the child and has made substantial contributions to the support of the child and desires to be ordered to pay child support. He alleges the defendant has held him out as the father of the child and has permitted him to visit the child in the past but has now denied him further visitation rights.
The issue for determination is whether this suit entitled "Petition for Visitation" is subject to the exception of res judicata because of an earlier suit filed by this plaintiff entitled "Petition to Establish Paternity and Visitation Rights" which was dismissed by a judgment sustaining an exception of no cause of action or in the alternative no right of action filed by this defendant.
The court of appeal in Lamana v. LeBlanc, supra, referred to the first suit as Lamana I and the second suit as Lamana II in their opinion and for ease of reference we shall continue to refer to the two suits in this manner in our opinion.
The trial judge's written reasons for judgment in Lamana I reflect the exceptions were sustained based upon a determination that a natural father may not establish paternity of a child who is presumed to be the child of the husband of the mother who has not disavowed the child. The First Circuit Court of Appeal affirmed the trial court's judgment and held the presumption that the husband of the mother was the father of the child became conclusive when the husband failed to disavow paternity and Lamana had no right or cause of action to establish paternity under LSA-C.C. art. 184. Lamana v. LeBlanc, 449 So.2d 31 (La.App. 1st Cir.1984), writ den., 450 So.2d 959 (La.1984).
The plaintiff contends that while his right to establish biological paternity was *1109 decided in Lamana I and was the object of the judgment there rendered, that Lamana I did not decide the issue of his visitation rights with the child which is the demand being asserted in Lamana II and for that reason Lamana II is not subject to the exception of res judicata. The defendant, LeBlanc, contends that because Lamana must establish filiation to establish his right to visitation the causes of action and demands in Lamana I and Lamana II are the same and the exception of res judicata was properly sustained.
The essential elements of res judicata are now contained in LSA-R.S. 13:4231.
§ 4231. Res Judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The cause of action which is one of the essential elements of res judicata is defined as the ground or material fact which is the basis for the thing demanded. Mitchell v. Bertolla, 340 So.2d 287 (La.1976); John A. Dixon, Jr., Robert W. Booksh, Jr., Paul L. Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tulane Law Review 611, 619.
In Hope v. Madison, 194 La. 337, 193 So. 666 (1940), the court stressed the necessity for the existence of all three requirements in order for the exception to be sustained and emphasized that the thing demanded in the second suit must be precisely the same as the object of the judgment in the former suit in order for the plea of res judicata to be sustained.
"`The exception of the thing adjudged is stricti juris, and, if there should be any doubt as to the identity of the things claimed, or of the persons claiming them, it cannot be maintained.' West v. His Creditors, 3 La.Ann. 529. "The plea of res adjudicata is without force, unless the object demanded in the former suit was precisely the same as that demanded in the action pending.' Edwards v. Ballard, 14 La.Ann. 362. "The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of article 2265 (2286) of the Civil Code.' Kellam v. Rippey, 3 La.Ann. [202], 203. `The authority of res adjudicata takes place only with respect to what was the object of the judgment.' Succession of Durnford, 1 La.Ann. 92. See also, Thoms v. Sewell, 30 La.Ann. 359; Slocomb v. De Lizardi, 21 La.Ann. 355, 99 Am.Dec. 740; State [ex rel. Collens] v. Jumel, 30 La.Ann. 861; Carre v. City of New Orleans, 41 La.Ann. 996, 6 So. 893; Plicque v. Perret, 19 La. [318], 327; and enumerable other cases. Our court has never wavered, that we know of, in the rigid exaction of the three unities." 193 So. at page 668.
The authority of res judicata takes place only with respect to what was the object of the judgment. An issue presented by the pleadings in a cause, but eliminated from the judgment of the court, cannot be invoked in support of the plea of res judicata. Hope v. Madison, supra. See also Weiser v. Di Cristina, 221 La. 306, 59 So.2d 401 (1952); Safeco Ins. Co. of America v. Palermo, 436 So.2d 536 (La. 1983). An evaluation of the issues actually litigated shall be determined not solely from the examination of the pleadings but by the examination of the entire record of the first suit. 51 Tulane Law Review 611, 622. "The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and thus should not be contradicted in a subsequent suit." Ryan v. Grandison Trust, 504 So. 2d 844 (La.1987).
The title of the petition filed in Lamana I is "Petition to Establish Paternity and Visitation Rights." The title reflects that the petition contains a demand of the plaintiff to be recognized as the biological father of the child. The petition in Lamana I contains an allegation by the terms of which plaintiff sought to have his status as *1110 biological father of the child recognized and the prayer of the petition also contains this demand.[1] The title also reflects that the petition contains a demand for visitation and it contains a paragraph which includes an allegation seeking reasonable visitation rights and the prayer of the petition seeks visitation rights.[2]
The issue of Lamana's right to visit was contained in the pleadings in Lamana I but it was not addressed in the reasons for judgment nor was it referred to in the judgment. A reference to the reasons for judgment reflect that the sole consideration there given for sustaining the exceptions was a determination based upon Fontenot v. Thierry, 422 So.2d 586 (La.App. 3d Cir. 1982), writ den., 427 So.2d 868 (La.1983), that a natural father could not establish paternity of a child entitled to the presumption of paternity under LSA-C.C. art. 184 where the husband of the mother had failed to disavow. There is no discussion in the reasons for judgment of Lamana's right of visitation nor any reference to visitation in the judgment rendered pursuant to those reasons nor is the issue considered on appeal.
The issue of visitation though pled in Lamana I was not actually litigated nor contained as an object of the judgment. For these reasons there is no rejection of visitation rights in Lamana I which can be said to be presumed correct and which should not be contradicted in Lamana II.
Relitigation of the object of the judgment is only barred by the doctrine of res judicata where: (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; and (3) the demand is between the same parties and is founded by them against each other in the same quality.
In Lamana I the object of the judgment was the denial of Lamana's right to establish paternity. The right to visit has not been litigated nor made the object of the Lamana I judgment. The demand in Lamana I that was litigated and decided in the judgment was the claim of Lamana to be adjudicated the natural father of the child and entitled to all the rights that flow from that determination. The demand contained in Lamana II is the right to visit with the child. The object of the judgment in Lamana I is not the same as the demand in Lamana II and for this reason the second suit is not subject to the exception of res judicata. The right to visit which is asserted in Lamana II is based upon Taylor v. Taylor, 295 So.2d 494 (La.App. 3d Cir.1974) and Finnerty v. Boyett, 469 So.2d 287 (La. App. 2d Cir.1985). In each of these cases a biological father of a child presumed to be the child of another man who was the husband of the mother pursuant to LSA-C.C. art. 184 was recognized as entitled to offer proof of his paternity of the child as a factor to be considered in determining if it was in the best interests of the child to grant visitation rights to the natural father.
The Court of Appeal in Lamana II analyzed the three requirements of res judicata and found all of them here present. The court reasoned the demand in each suit was the same because it was for visitation with the child, and that it was between the same parties and based upon the same cause.
The finding that the object of the judgment in Lamana I was the same as the thing demanded in Lamana II was incorrect and caused the court to err in sustaining the plea of res judicata.
The right to be recognized as a biological father, which was the demand asserted and *1111 litigated in Lamana I, was based upon the material fact, i.e. cause, that sexual intercourse had occurred between Lamana and LeBlanc resulting in conception of the child whom Lamana sought to be recognized as the biological father. In Lamana II the demand asserted was the right to visit with the child. At least one material fact upon which this demand was based was sexual intercourse between Lamana and LeBlanc at the time of conception since this factor would be considered on the issue of whether it was in the best interest of the child to approve visitation. This demand differs from the demand to be established as biological father which was asserted and litigated in Lamana I. The privileges that flow from the right to visit are far more limited and of much different character than those which flow from the recognition of being a biological parent.[3] It therefore follows that the demand contained in the two suits are not the same. One of the very important material facts required to be considered in the demand to establish the right to visitation is that conception occurred as a result of sexual intercourse between Lamana and LeBlanc. This same material fact is the cause in Lamana's first suit to establish paternity. The cause supporting the two demands contained in the two suits are the same within the contemplation of LSA-R.S. 13:4231 but res judicata is inapplicable because the demands asserted in the two suits are different.
We reverse the judgment of the court of appeal sustaining the exception of res judicata. We reinstate the trial court judgment denying the exception of res judicata and remand the case to the trial court for further proceedings according to law. All costs are assessed against the defendant.
CALOGERO, J., concurs.
DENNIS, J., concurs with reasons.
WATSON, J., concurs, understanding that visitation was not an alternative demand in Lamana I and that the trial court did not reach that issue.
LEMMON, J., concurs and assigns reasons.
COLE, J., recused.
DENNIS, Justice, concurring.
I respectfully concur. Although this suit, as an action for filiation under state law may be precluded by res judicata, the plaintiff has also asserted herein a federal due process claim to participate in the rearing of his child to the limited extent of visiting with the child. "When an unwed father demonstrates a full commitment to the responsibilities of parenthood by `com[ing] forward to participate in the rearing of his child,' Caban [v. Mohammed], 441 U.S. [380] at 392, 99 S.Ct. 1760 [at 1768], 60 L.Ed.2d 297 [(1979)], his interest in personal contact with his child acquires substantial protection under the Due Process Clause." Lehr v. Robertson, 463 U.S. 248, 261, 103 S.Ct. 2985, 2993, 77 L.Ed.2d 614, 626 (1983). This federal due process claim was not pleaded or adjudicated in Lamana I and therefore is not barred in the present case.
NOTES
[*] Judge Jasper E. Jones of the Court of Appeal, Second Circuit participated in this decision as Associate Justice Ad Hoc.
[1] 26.

Petitioner believes himself to be the biological father of Michael Morris, and desires to have his status thereas recognized, so that he may establish his interest, and authority in the rearing, education and welfare of his son.
. . .
Prayer Paragraph I:
Petitioner be recognized as the biological father of Michael Morris Robillard and,
[2] 27.

Petitioner desired that once his status as biological father is established that he be granted reasonable visitation rights, and all other rights and privileges consistent therewith.
. . .
Prayer Paragraph II:
Petitioner be granted reasonable visitation rights.
[3] The determination that a man is the biological father of a child creates between them inheritance rights and obligations of support. Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982); Haynes v. Cargo, 422 So.2d 267 (La.App. 4th Cir.1982); LSA-C.C. art. 239.