PER CURIAM.
The primary issue for our consideration in this motion to dismiss the appeal is whether the appellants, The Sierra Club and Ascension Parish Citizens Against Toxic Pollution (Citizens Groups) have the right to appeal a penalty assessed by the Department of Environmental Quality (DEQ) against BASF Corporation (BASF) for violations of the Louisiana Air Quality Regulations.[1]
*973 The DEQ found BASF to be in violation of certain sections of the Louisiana Air Quality Regulations and assessed BASF a $66,700.00 penalty after several apparently private meetings between DEQ and BASF which were not open to the general public. The Citizens Groups filed an appeal notwithstanding the fact that they had not appeared or been represented at the meetings between BASF and the DEQ. After appeal the following motions were filed:
(1) Motion of Counsel for BASF to enroll as counsel of record.
(2) Motion by Counsel for Citizens Groups to dismiss BASF’s motion to dismiss on the ground that BASF was not a party to the appeal.
(3) Motion of Counsel for BASF to dismiss Citizens Groups’ appeal on the ground that Citizens Groups had no standing to appeal. (BASF did not appeal.)
(4) Motion by Louisiana Environmental Action Network (LEAN) to intervene in Citizens Groups’ appeal.
(5) Motion by the Attorney General of the State of Louisiana to intervene in the appeal.
We grant the motion of counsel for BASF to enroll as counsel of record and deny Citizens Groups’ motion to dismiss BASF’s motion to dismiss. Citizens Groups argue that BASF has no right to file a motion to dismiss as BASF is not a party to the suit.[2] We disagree. This appeal arises out of an administrative action taken by DEQ against BASF. Clearly, BASF is a party to these proceedings with the right to participate in this appeal.
We now address the issue of whether Citizens Groups have the right to appeal an administrative decision of the DEQ. The DEQ is a department of government created and governed by the provisions of the Louisiana Environmental Quality Act.[3] Therefore, the following provision applies to any person seeking to appeal a final decision of the DEQ.
LSA-R.S. 30:1072 C. reads as follows:
Any person aggrieved by a final decision or order of the secretary [of DEQ] may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent. Any preliminary, procedural, or intermediate ruling or decision by the secretary is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. The provisions of R.S. 49:962 and 964 shall not apply to decisions and orders of the secretary.
Thus, Citizens Groups have the right to appeal only if they were “aggrieved” by the final decision of the DEQ. To be aggrieved within the context of LSA-R.S. 30:1072 C. a party must have a real and actual interest which is or may be adversely affected by the DEQ’s decision. See generally LSA-C.C.P. art. 681 and LSA-R.S. 30:1074(1).
In the Citizens Groups’ Amended Petition and Assignment of Errors they specify thirteen allegations wherein they were aggrieved by the DEQ decision. Among these allegations the Citizens Groups allege their purposes are to enjoy the nation’s outdoors and these purposes have been diminished by illegal chemical releases, that the illegal chemical releases detrimentally *974 affected and endangered Ascension Parish and its residents, and that members of the Citizens Groups suffered injury in that their physical well-being and the aesthetics of their domiciles were diminished by the illegal chemical releases. Furthermore, the Citizens Groups allege that the $66,700 penalty assessed by DEQ is insufficient and therefore it will not serve to discourage future chemical releases.
Considering the Citizens Groups’ alleged grievances, we find that they have alleged a real and actual interest in the object of this appeal in that their health and well-being is at risk as well as that of the community in which they live. Furthermore, we find that the DEQ’s penalty assessment, specifically the fact that the amount of the penalty may not deter future violations, may adversely affect the Citizens Groups future health and well-being.
We now address the remaining motions to intervene filed by Louisiana Environmental Action Network (LEAN) and the Attorney General of the State of Louisiana (Attorney General). The specific issue presented by the motions to intervene is whether an intervention may be filed at the appellate level.
LEAN seeks to intervene in these proceedings relying on LSA-C.C.P. art. 1091, which provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.
We find LSA-C.C.P. art. 1091 inapplicable under the facts of this case.[4] An intervention is an incidental demand in a principal action wherein a third person having an interest may intervene in the •pending principal action to enforce a right related to or connected with the object of the principal action. LSA-C.C.P. arts. 1031 and 1091. Lamana v. LeBlanc, 515 So.2d 622 (La.App. 1st Cir.1987), reversed on other grounds, 526 So.2d 1107 (La.1988). Furthermore, this court has held that an intervention may not be filed after judgment has been rendered in the trial court on the merits of the principal action, except as provided in LSA-C.C. arts. 1066 and 1092. Lamana, supra; Pratt v. Livingston Parish Police Jury, 278 So.2d 897 (La.App. 1st Cir.1973); Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La.App. 3d Cir.1973), writ refused, 287 So.2d 191 (La.1974); Louisiana Power and Light Company v. Charpentier, 165 So.2d 614 (La.App. 1st Cir.1964).
Moreover, under the specific provisions of LSA-R.S. 30:1072 C[5] and LSA-C.C.P. art. 2086,[6] the proper procedural vehicle for any person aggrieved by a final decision or order of the secretary of the DEQ is an appeal to the Court of Appeal, First Circuit. LEAN did not appeal. Under LSA-R.S. 30:1072 C, the motion for appeal must be filed within 30 days after the final decision or order is served upon the respondent. *975 The secretary’s order was entered November 18, 1986. Thus, LEAN’S petition of intervention filed on September 8, 1987, even if considered an appeal, would be untimely.
Finally, the Attorney General seeks to intervene in this appeal in order to assert and protect his right to exercise functions provided for in LSA-R.S. 30:1073 H.[7] Specifically, the Attorney General argues he has the right, power and duty to concur in- settlements or compromises of claims for penalties arising under provisions of the Louisiana Environmental Quality Act.[8]
In support of his right to intervene, the Attorney General points to Article 4, section 8, Louisiana Constitution of 1974, which provides in part:
Section 8. Attorney general; powers and duties
* * * * * *
As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding.
Although Article 4 § 8 gives the Attorney General the right to intervene in any proceeding, he is nevertheless required to comply with the procedural rules set forth in the Louisiana Code of Civil Procedure, specifically LSA-C.C.P. arts. 1091 and 2086 and the rules set forth in the Louisiana Environmental Quality Act, specifically LSA-R.S. 30:1072 A and C.
As stated above, with reference to LEAN’S motion to intervene, the proper procedure to contest a ruling of the DEQ is an appeal to the First Circuit Court of Appeal. The Attorney General has cited no authority which would authorize him to intervene at the appellate level. We must therefore hold that since the Attorney General did not file an appeal he is precluded from participating in this appeal.
For the reasons set forth we grant the motion of counsel for BASF to enroll as counsel of record; we deny Citizens Groups’ motion to dismiss BASF’s motion to dismiss; we deny BASF’s motion to dismiss Citizens Groups’ appeal; we deny the motions of LEAN and the Attorney General to intervene in this appeal.
MOTIONS GRANTED IN PART, DENIED IN PART.

. On February 26, 1988, 528 So.2d 162, this court found that Citizens Groups failed to allege facts in either their original Application for Appeal or their original Assignment of Errors sufficient to demonstrate a right to pursue the present appeal. However, because we believed dismissal was too harsh a remedy, Citizens Groups was given an additional 30 days to amend their petition and/or assignment of errors to show how they were aggrieved by the alleged insufficiency of the penalty. In response to our ruling, Citizens Groups filed an *973 Amended Application for Appeal with Amended Assignment of Errors with supporting affidavits.

. Citizens Groups also contends that BASF’s motion to dismiss is untimely. We find no merit in this contention. When a motion to dismiss strikes at the foundation of the right of appeal or raises a jurisdictional question, it need not be filed within the three day period set forth in LSA-C.C.P. art. 2161. Succession ofBuvens, 373 So.2d 750 (La.App. 3d Cir.1979).

. The purpose for which the DEQ was created is set forth in LSA-R.S. 30:1052 and 30:1053 which provide that the DEQ shall be responsible for the maintenance of a healthful and safe environment for the people of Louisiana, which is a matter of critical state concern requiring regulation and control over the areas of water quality, air quality, solid and hazardous waste, scenic rivers and streams, and radiation.

.We note that LSA-C.C.P. art. 1091 is found in Book II of the Code of Civil Procedure pertaining to ordinary proceedings in the district courts. The Official Revision comments to LSA-C.C.P. art. 851 state that “[t]he provisions of Book II relate only to ordinary proceedings in the trial courts of general jurisdiction.” Furthermore, Book III of the Louisiana Code of Civil Procedure, pertaining to proceedings in appellate courts contains no provision that allows an intervention at the appellate level. However, LSA-C.C.P. art. 2086 does provide for an appeal by a non-party.

. LSA-R.S. 30:1072 C in pertinent part reads as follows:
Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal if filed with the secretary within thirty days after the final decision or order is served upon the respondent.

. LSA-C.C.P. art. 2086 reads as follows:
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.

. LSA-R.S. 30:1073 H reads as follows:
Except as otherwise provided herein, the commission or secretary, with the concurrence of the attorney general, may settle or resolve as deemed advantageous to the state any suits, disputes, or claims for any penalty under any provision of this Chapter or the regulations or permit or license terms and conditions applicable thereto.

. We note that the Attorney General was aware of the DEQ’s decision in December of 1986, and did not attempt to intervene until December 17, 1987.