660 So.2d 506 (1995)
Terrell Dewight FOWLER, Plaintiff-Appellant,
v.
Donald Carl HODGE, Sr. and Evia Fowler, Defendants-Appellees.
No. 95-248.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Rehearing Denied October 10, 1995.
Anthony Joseph Fazzio, Lake Charles, for Terrell Dewight Fowler.
Sidney J. Rosteet, Walter Marshall Sanchez, Lake Charles, for Donald Carl Hodge Sr. and Evia Fowler.
Pamela Viney Mathews, Lake Charles, for Evia Fowler.
Before COOKS, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
Plaintiff in this filiation proceeding appeals the judgment of the trial court sustaining the defendant's exception of res judicata. We reverse.

FACTS
Plaintiff, Terrell Fowler, hereinafter referred to as Fowler, is the second husband of defendant, Evia Hodge Fowler, hereinafter referred to as Evia. Co-defendant, Donald Hodge, Sr., hereinafter referred to as Hodge, is the first husband of Evia Hodge Fowler. The minor child at issue in the instant filiation proceedings is David Craig Hodge who was born on October 27, 1988.
Evia filed suit against Hodge for a legal separation in April of 1986. A judgment of divorce was granted in February of 1989. Fowler and Evia were married in May of 1990. On September 20, 1990, Fowler filed a petition bearing the caption "Petition for Separation, Petition to Establish Paternity, Petition to Change Name and Incidental Relief" which was assigned docket no. 90-4789, and will hereinafter be referred to as Fowler I. In this petition, Fowler claimed that he and Evia became romantically involved following her separation from Hodge but prior to her divorce and that David Craig Hodge was conceived during their relationship. Fowler reconciled with Evia prior to an adjudication of the issues raised in Fowler I and dismissed Fowler I with prejudice. *507 Fowler and Evia were eventually divorced in a separate action by judgment rendered in January of 1994.
Fowler filed the instant suit, hereinafter referred to as Fowler II, on February 2, 1994, seeking to establish his filiation with David Craig Hodge. Fowler asserts in his petition in the instant case that he is the biological father of David Craig Hodge and that Evia has refused to let him continue his relationship with David Craig Hodge since his separation from Evia.
Defendants filed an exception of res judicata based on the dismissal in Fowler I which was granted by the trial judge.
Plaintiff appeals.

ASSIGNMENTS OF ERROR
The plaintiff appeals assigning the following errors:
A. The trial court erred in maintaining the exception of res judicata because res judicata is not applicable to domestic cases or incidental matters and the suit for separation in 1990 was a domestic suit.
B. The trial court erred in maintaining the exception of res judicata because the exception was filed 16 days after the conclusion of the trial on the merits.
C. The trial court erred in maintaining the exception of res judicata because res judicata is stricti juris and takes place only with respect to what was the object of the judgment and the thing demanded must be the same, founded on the same cause of action, between the same parties and formed by them against each other in the same quality and is premised on the conclusive legal presumption of "the thing adjudged" previously between the same parties and is ordinarily based upon a final judgment. Any doubt as to its application must be resolved in favor of denying the exception.
D. The exception of res judicata should be overturned because the paternity issue was not "actually adjudicated" when the petition was dismissed with prejudice.
E. The exception of res judicata should be overturned because the application of this doctrine would be unfair to claimant. Even if the exception had been timely filed and if the exception had merit and was applicable to this case the maintaining of the exception was unfair to Terrell Fowler and David Craig Hodge.
Because plaintiff's third and fourth (D & E) assignments of error are intertwined, we address them together and, finding them to be meritorious, we pretermit discussion of his other assigned errors.

LAW
The law of res judicata in Louisiana was substantially changed by Acts 1990, No. 521. Section 5 of this act provides in part that "the preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991." Therefore, since Fowler I was filed on September 20, 1990, the exception of res judicata in this matter is governed by the previous version of La.R.S. 13:4231, and the jurisprudence interpreting it. La.R.S. 13:4231 at the time Fowler I was filed provided as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The doctrine of res judicata is interpreted stricti juris, and any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the action. McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La.1973); Mai v. Mai, 419 So.2d 1251 (La.App. 3 Cir.), writ denied, 420 So.2d 970 (La.1982).
In Lamana v. LeBlanc, 526 So.2d 1107 (La.1988), the supreme court found that the judgment in a previous action by a man seeking to establish paternity and visitation rights did not bar his second suit seeking visitation rights when the first judgment failed to address the issue of visitation. The trial court dismissed the first suit on an *508 exception of no cause of action or in the alternative no right of action because the husband of the mother at the time of conception had not disavowed paternity. Thus, although the issue of visitation had been pled, it had not been actually litigated, and therefore was not the object of the judgment. In reaching this conclusion, the court observed that the "theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and thus should not be contradicted in a subsequent suit." Lamana, 526 So.2d at 1109, quoting Ryan v. Grandison Trust, 504 So.2d 844, 849 (La.1987).

CONCLUSION
Applying the above principles to the case sub judice, we find that the trial court erred in maintaining the defendant's exception of res judicata. Fowler I was voluntarily dismissed with prejudice by Fowler upon his reconciliation with Evia and prior to an adjudication or determination of the rights of the respective parties. The judgment in Fowler I cannot be given the authority of "the thing adjudged" because the issues raised in the petition were not actually litigated. Therefore, the judgment in Fowler I is not res judicata to the action in Fowler II.
Additionally, we note that the principles requiring a narrow construction and strict application of the preclusive effect of the former version of res judicata are particularly compelling in matters such as this where the paternity of a child and the rights of the biological father are at issue. It would be unthinkable to allow these rights to be terminated on a procedural technicality when the ultimate issue of paternity has not been determined.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the defendant's exception of res judicata is reversed at defendant's costs and the case is remanded for further proceedings.
REVERSED AND REMANDED.